459 So.2d 330 (1984)
BROWARD MARINE, INC., a Florida Corporation, Appellant,
v.
AETNA Insurance Company, a Foreign Corporation, Appellee.
No. 82-2598.
District Court of Appeal of Florida, Fourth District.
October 3, 1984.
Rehearing Denied December 18, 1984.
Thomas D. Lardin of Weaver, Weaver & Lardin, P.A., Fort Lauderdale, for appellant.
Raymond O. Holton, Jr., of Pyszka & Kessler, P.A., Fort Lauderdale, for appellee.
LETTS, Judge.
The issue we address is whether a comprehensive general liability insurance policy, which excluded coverage of the "named insured's products," precluded recovery by the insured boat builder because of fire *331 damage to a boat which he had built. The boat was constructed in 1972 and additional work was done on it for the owner in 1974, after which the 87 foot vessel burned to the waterline in 1976. The trial judge granted the insurance company's motion to dismiss. We reverse.
A threshold question presented is whether the boat builder's subsequent suit filed against its insurer, for refusing to provide coverage or defend the prior law suit, stated a cause of action. The pleadings in that prior law suit by the boat owner against the boat builder did not specifically address the question of repair and only spoke to construction defects (i.e. a product of the named insured) excluded under the policy. However, midway through that prior law suit, it became obvious that the boat owner was also proceeding against the boat builder on the theory of negligent repairs which would if successful provide coverage. Pursuant to this negligent repair claim the boat builder demanded that its insurer take over the defense of the original suit which demand was refused. Meanwhile, in this same initial suit the boat builder attempted to exclude any evidence of negligent repair, but its argument that this unpled matter was not pertinent was rejected by the trial judge. Significantly, the jury brought in a verdict against the boat builder based solely on negligence rather than breach of contract or breach of warranty.
As a consequence, the boat builder was well and truly driven into a box canyon at the trial level. In the original case by the boat owner against the builder, one trial judge permitted the issue of negligent repair to go to the jury, notwithstanding the allegations in the complaint, whereas in the subsequent suit by the builder against the insurance company, another trial judge, based on the identical complaint (attached as an exhibit) held that very same issue of negligent repair could not be considered and granted a motion to dismiss. As the boat builder tartly points out in his brief, this resulted in his being "beaten with both ends of the same stick."
The foregoing factual recitation, complicated as it is, is still not complete, but is hopefully sufficient to support our conclusion. Distilled to its essence, the threshold question is whether the question of negligent repair was sufficiently raised in the initial law suit to withstand a motion to dismiss in the subsequent litigation. We conclude from the foregoing facts and circumstances that it was and adopt the rationale expressed in C.A. Fielland v. Fidelity and Casualty Co. of New York, 297 So.2d 122, 127 (Fla. 2d DCA 1974) where the Second District held that
The duty to defend, in the first instance, is determined from the allegations of the complaint.... Yet, if it later becomes apparent that claims not originally within the scope of the pleadings are being made which are within the insurance coverage, the insurance carrier upon notification would then become obligated to defend.
See also Milliken v. Fidelity and Casualty Company of New York, 338 F.2d 35 (10th Cir.1964).
The larger and remaining question is: If an insured builds, manufactures or constructs a product, does the product remain a "named insured's product" excluded from a general liability insurance policy forevermore, no matter how much time passes after the buyer takes possession, if corrective work is later done by the insured? We answer the question in the negative.
We have not been cited to any existing Florida law on the question, but a case from the Supreme Court of Alabama, which we ourselves have uncovered, Cotton States Mutual Ins. Co. v. Norrell Heating and Air Conditioning Co., Inc., 370 So.2d 270 (Ala. 1979), has considered the identical exclusionary language in a comprehensive general liability policy. The facts in Cotton States Mutual involved installation of an air conditioning system in 1965 and subsequent work done on it in 1976. The court held an ambiguity existed between the named insured's products exclusion in the policy and the repair provision in another paragraph which latter would support coverage. The Alabama Court also held that the air conditioning system as a whole had become the building *332 owner's property and that the products exclusion provision applied only to the new parts used in the subsequent work.
Applying the Cotton States Mutual result to the case now before us, though we arrive there by a somewhat different route, we hold that a question of fact exists as to whether the later work done on the boat was a repair, in which case there was coverage, or but a correction of a defect in existence when the boat was first built and delivered, in which case coverage was excluded. Needless to say, this question of fact cannot be resolved by a motion to dismiss.
We do, however, agree with Cotton States Mutual that even if the work done is a repair, any defective parts such as a battery charger and wiring supplied for that repair would be appropriately excluded as the named insured's product and, therefore, not covered by the general liability policy.
This case is reversed and remanded in accordance herewith.
REVERSED AND REMANDED.
GLICKSTEIN, J., concurs.
ANSTEAD, C.J., concurs in conclusion only.