COBB, Judge,
dissenting:
This is an appeal from a final summary judgment which determined that the appel-lee, Reliance Insurance Company, owed no duty to defend in a personal injury case. Although this panel at first decided to affirm the judgment below, upon reconsideration I am convinced it should be reversed.
This case began when appellant, Steve Carmean, filed a personal injury action against James Arthur. Arthur’s business, Professional Innovations, was insured by Reliance. Carmean’s complaint alleged that while on the “premises” owned by Arthur, Carmean fell or was pushed over a railing and was injured. The complaint alleged that Arthur was guilty of negligent maintenance of the premises, negligence in pushing Carmean over the guardrail and intentional tort. It did not allege that the injury was related to the conduct of Arthur’s business.
Reliance did not provide a defense or indemnify Arthur on the ground that its business liability policy did not apply based on the allegations of the complaint. Car-mean obtained a judgment against Arthur, then filed suit against Reliance to satisfy that judgment.
The record before the trial court indicates the policy named Professional Innovations, Inc., as the insured. However, the cover letter from the carrier’s agent which accompanied the policy when it was forwarded to Arthur was addressed to “Mr. Jim Arthur, d/b/a Professional Innovations.” The trial court entered summary judgment for Reliance, apparently on the ground that the policy did not cover actions that named Arthur individually, rather than Professional Innovations, Inc., and because the complaint did not allege that the *370 causative negligence occurred in the course of the business.
Reliance seeks to defend the judgment below on the ground that the allegations in the complaint filed by Carnean against Arthur “did not allege facts which would bring the cause within the coverage of the insurance policy ..., and, therefore, the insurer had no duty to defend,” citing to National Union Fire Insurance Company v. Lenox Liquors, Inc., 358 So.2d 533 (Fla.1977). Based on National Union, Reliance concludes:
The duty of the insurer [is] determined solely from the pleadings filed by the plaintiff, and not by extrinsic facts that may have been known or should have been known by the insurer.
This is a gross misconstruction of National Union. Therein, the Florida Supreme Court held that when the pleadings specifically negate coverage (i.e., coverage excluded intentional torts and an intentional tort was alleged), and those pleadings are never amended prior to settlement or trial, then there is no duty to defend. That is not the instant case at all. Here, the pleading was ambiguous as to whether the asserted negligence in the maintenance of the premises was in the course of the operation of Arthur’s business. Additionally, it is clear from this record that Reliance knew that it was dealing with James Arthur, doing business as Professional Innovations — and, in all probability, no separate corporate entity even exists. Hence, under the ruling by the trial judge and the majority herein, the purchased coverage was wholly illusory from beginning to end.
The applicable law is set forth in Baron Oil Company v. Nationwide Mutual Fire Insurance Company, 470 So.2d 810, 814 (Fla. 1st DCA 1985):
If the allegations of the complaint leave any doubt regarding the duty to defend, the question must be resolved in favor of the insured requiring the insurer to defend.
See also C.A. Fielland, Inc. v. Fidelity and Casualty Company of New York, 297 So.2d 122 (Fla. 2d DCA 1974), cert. denied, 309 So.2d 6 (Fla.1975). Even where the initial allegations of the underlying complaint do not appear to be within the insurance coverage, if the carrier is made aware of facts which do bring the claim within the coverage, the carrier is obligated to defend, and, if necessary, indemnify the insured. Broward Marine, Inc. v. Aetna Insurance Company, 459 So.2d 330 (Fla. 4th DCA 1984).
The carrier in this case was obligated to extend a defense until the pleadings established that no coverage existed. Baron; Tennessee Corporation v. Lamb Brothers Construction Company, Inc., 265 So.2d 533 (Fla. 2d DCA 1972). As the facts developed, it became apparent that Reliance was obligated to defend Arthur and provide coverage in accordance with the policy for the alleged negligent maintenance of the business premises. Instead, Reliance reneged on its contractual obligation and undertook a shoddy, but apparently successful, effort to avoid coverage that was bargained and paid for by Arthur, utilizing a blatant distortion of established case law to do so. The instant case is in conflict with Baron, Broward Marine, Fielland and Tennessee Corporation, as well as with the fundamental proposition that all reasonable inferences at a summary judgment hearing must be resolved against the mov-ant. See 49 Fla.Jur.2d, Summary Judgment, § 11 (9184), and cases cited therein.
I would grant rehearing and reverse.