816 So.2d 250 (2002)
HEATHER HILL VILLAS CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
AMERICAN EQUITY INSURANCE COMPANY, a foreign corporation, Appellee.
No. 2D01-1518.
District Court of Appeal of Florida, Second District.
May 17, 2002.
William Rutger of Rutger & Donaldson, Palm Harbor, for Appellant.
Alexander Muszynski, III, and David M. Canton of Meir, Lengauer, Bonner, Muszynski & Doyle, P.A., Orlando, for Appellee.
BLUE, Chief Judge.
Heather Hill Villas Condominium Association appeals the final summary *251 judgment in favor of American Equity Insurance Company. Heather Hill filed a declaratory action seeking coverage and defense for a counterclaim filed by Eileen Kane in an underlying lawsuit. The counterclaim alleged damages from excessive moisture in Ms. Kane's condominium from October of 1994 through the summer of 1996. American Equity provided coverage for Heather Hill from March 13, 1997, to March 13, 1998. We affirm the trial court's judgment because there are no disputed, material facts and the trial court properly applied the law.
The general rule is that an insurer's duty to defend is determined solely by the allegations of the complaint against the insured, or here, Ms. Kane's counterclaim, Nat'l Union Fire Ins. Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla.1977), not by the actual facts, State Farm Fire & Cas. Co. v. Edgecumbe, 471 So.2d 209 (Fla. 1st DCA 1985). Applying the general rule, the dates in Ms. Kane's counterclaim are clearly outside the term of American Equity's coverage.
Heather Hill argues a small line of exception to the above general rule. Relying on Broward Marine, Inc. v. Aetna Insurance Co., 459 So.2d 330 (Fla. 4th DCA 1984), Heather Hill contends that if it develops during the proceedings of the underlying case that claims are being made that are within the insurance coverage, then the insurance company upon notification would become obligated to defend. Heather Hill argues that at trial Ms. Kane claimed damages for medical problems continuing after the summer of 1996. However, there is no claim by Heather Hill that it ever notified American Equity of the new claim.
Even applying strict summary judgment standards, the trial court applied the correct law and made the proper ruling. There are no disputed issues of fact in the record on appeal. Ms. Kane's counterclaim alleges a period of time not covered by the American Equity policy, and American Equity was never notified of a claim within its coverage. We affirm the final summary judgment.
Affirmed.
CASANUEVA and SILBERMAN, JJ., Concur.