LaROSE, Judge.
Liberty Mutual Fire Insurance Company appeals a final summary judgment ruling that Liberty had to pay its insured, MI Windows & Doors, Inc., for the $3.4 million MI paid to settle several defective-product lawsuits. We conclude that the trial court *16 erred in ruling that the “your product” exclusion in the policy was inapplicable to the cost of replacing Mi’s defective doors. Accordingly, we reverse, in part, and affirm, in part.
MI manufactures windows and doors. In the late 1990s and early 2000s, MI sold windows and doors to All Seasons, which agreed to install these products in five condominium projects under construction along the Alabama coast. All Seasons subcontracted the installation work to third parties. In two of the condominiums, the doors were installed with no change. In the other three, All Seasons manufactured and installed transoms running atop sliding-glass doors. Apparently, this change weakened the structural integrity of the doors.
MI was a named insured under a Liberty commercial general liability (CGL) policy. During the policy period, tropical storms Hanna and Isidore slammed the Alabama coast, damaging each condominium. Five condominium associations sued MI and All Seasons. While these suits were pending, Hurricane Ivan ravaged the Alabama coast in September 2004. Without question, Ivan was a potent storm and caused extensively more damage than the tropical storms. MI settled the lawsuits. Invoking the protections of the CGL policy, MI then sued Liberty to recover the consequential damages and the cost of repairing and replacing the defective doors or windows at each condominium.
The CGL policy provides coverage on an occurrence basis. An “occurrence” is “an accident, including continuous or repeated exposure to substantially the same harmful conditions.” The policy provides a $500,000 deductible for every “occurrence.” This deductible can be satisfied with losses paid. The policy also features a “your product” exclusion which bars coverage for damage to any of Mi’s “products.”
The trial court granted summary judgment to MI. The trial court found two “occurrences.” The first was “the distribution of a series of allegedly defective windows and doors”; the second was “the unanticipated alteration of sliding glass doors [with transoms] in three of the five condominiums.” The trial court also concluded that the “your product” exclusion did not apply to the doors with transoms, because the doors were “significantly changed by others after the sale[,] contributing to the consequential damage suffered.” The court found that there was $3,484,600 worth of damages covered by the policy, $1,925,700 of which was for replacement of the transom doors. Because the policy had a $1,000,000 per-occurrence limit, the court awarded MI $2,000,000 in damages.
Dissatisfied with the result, Liberty appealed.
Standard of Review
“Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law.” Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). We review the final summary judgment de novo. Id.
“Your Product” Exclusion
Liberty challenges the trial court’s ruling that the “your product” exclusion did not limit its liability. We must agree with Liberty. The exclusion’s language is unambiguous:
2. Exclusions This insurance does not apply to:
[[Image here]]
k. Damage to Your Product *17 “Property damage” to “your product” arising out of it or any part of it.
Few Florida cases address the issue of coverage for altered products.[1] Although the trial court wrote that “Florida courts have adopted a similar understanding,” it cited only one Florida case, Broward Marine, Inc. v. Aetna Insurance Co., 459 So.2d 330, 331 (Fla. 4th DCA 1984). In Broward, the insured manufactured a boat that subsequently burned to the waterline. Id. at 331-32. The insurer claimed that a “your product” exclusion barred coverage because corrective work was done before the boat burned. Id. The court held that a question of fact remained as to whether the boat was repaired to correct a defect. Id. at 332. This case, along with other Florida cases, gives no conclusive answer to the issue before us.
Despite the dearth of applicable case law, the trial court held the “your product” exclusion inapplicable because the doors were so materially changed by the addition of the transoms that they were no longer Mi’s “product.” The trial court relied on Imperial Casualty & Indemnity Co. v. High Concrete Structures, Inc., 858 F.2d 128 (3d Cir.1988), where the Third Circuit held that when the insured’s steel sheets were stamped into washers by the purchaser, they became “a new product.” Id. at 134. The trial court also cited Pittsburgh Plate Glass Co. v. Fidelity & Casualty Company of New York, 281 F.2d 538 (3d Cir.1960). In Pittsburgh, the court held that paint that had been baked into jalousies was “no longer identifiable as a separate entity” and was covered by the liability insurance policy. Id. at 541; see also Aetna Cas. & Sur. Co. v. M & S Indus., Inc., 64 Wash.App. 916, 827 P.2d 321 (1992) (holding that plywood used to construct concrete form boxes was “altered”).
These cases are distinguishable from the one before us. No alchemy confronts us. The addition of transoms to the sliding glass doors did not fundamentally change the nature and function of those doors. This is far different from stamping steel into a washer or baking paint onto a jalousie. Common sense dictates that the doors were not “made into something else.” See Imperial, 858 F.2d at 135. The doors retained their identity after being hung on transoms. They continued to operate as sliding glass doors. Thus, the doors remained Mi’s product, and the “your product” exclusion precludes any damages awarded to replace them.
We reverse the damages awarded in relation to the “your product” exclusion. In all other aspects, we affirm.
Affirmed in part; reversed in part.
KELLY and SLEET, JJ., Concur.

. Auto-Owners Insurance Co. v. American Building Materials, Inc., 820 F.Supp.2d 1265, 1272 (M.D.Fla.2011), dealt with a “your product” exclusion. The policy defined "your product” as "[a]ny goods or products, other than real property ... sold ... by ... you.” The insurer argued that the "your product” exclusion precluded coverage for drywall that had been installed in a house. The court held that, as incorporated in the building, the drywall is "real property,” thus rendering the "your product” inapplicable. Neither party framed their issues on appeal to address this situation.