TERRELL, Justice.
Appellees, as plaintiffs, exhibited their complaint against defendant in the appro-, priate court, claiming damages and attor *273 ney’s fees for loss or injury to a dwelling alleged to have been struck by lightning. Said dwelling was insured against loss from lightning by defendant. Defendant answered, denying that the dwelling was struck by lightning. On the issues so made the case was tried before a jury, a motion for directed verdict in favor of defendant at the close of plaintiffs’ testimony and at the close of all the testimony was denied. The jury returned a verdict for the plaintiffs in the sum of $800 plus an attorney’s fee of $200. Final judgment was entered and this appeal was prosecuted.
The only point for determination is whether or not the evidence was sufficient to sustain the verdict and judgment.
Appellant contends that there is a complete absence of any evidence of lightning in the area of the dwelling or any other facts to support the theory that lightning caused the damage. It consisted of numerous cracks in the brick veneer on the east and south walls of the residence. The brick veneer had pulled loose from its ties- to the studs and from the hemlock insulating sheathing. The dwelling was new, it was constructed on-ground underlaid with clay, in places the cracks followed the mortar joints but in others they cracked the brick and caused fragmentation or shattering. There was no damage to the.glass, wiring or plumbing and there were no signs of, lightning on any of the trees around the dwelling.
One witness testified that lightning could have caused an implosion- (air entering a vacuum) by .striking nearby and that it was. entirely possible .that such a stroke could have fractured the wall and have produced the damage. Another witness testified that a few weeks before the cracks in the walls were discovered there was a violent electric storm nearby and lightning had struck very close to the house. There was also evidence as to faulty construction and that the nails used to tie the brick veneer to the studs could be drawn easily. There were other inferences to support ap-pellees’ contention.
 The rule controlling in cases like this is stated in Shields v. Vermont Mut. Fire Ins. Co., 102 Vt. 224, 147 A. 352, and is to the effect that testimony which is not impossible, though it may be unreasonable, inconsistent, or contradictory,' is for the jury’s consideration. If there is any substantial evidence supporting plaintiffs’ claim, the question is for the jury, and where intelligent and fair-minded men may reasonably differ in the conclusion to be drawn from the evidence, it cannot be said there is no evidence to support plaintiffs’ claim. See also Grasso v. Glens Falls Ins. Co. of Glens Falls, N. Y., 133 Neb. 221, 274 N.W. 569; Clouse v. St. Paul Fire & Marine Ins. Co., 152 Neb. 230, 40 N.W.2d 820, 15 A.L.R.2d 1017; Voelker v. Combined Ins. Co. of America, Fla., 73 So.2d 403.
We think the question is close but on the doctrine of the cited cases we think there was evidence which presented a jury question and we do not feel authorized to overthrow their verdict since it was approved by the trial court.
It is accordingly affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.