PER CURIAM.
Upon the trial of an action arising out of an automobile collision at a street intersection, the trial judge directed a verdict for the defendant at the close of the plaintiff’s case and the plaintiff appealed. Plaintiff’s testimony was that he had proceeded upon a through street and that the defendant had entered the intersection from a street governed by a stop sign.
The record reveals the trial judge directed a verdict upon deciding that the plaintiff’s testimony concerning the part of the street in which he was driving and his action prior to impact was not entitled *38 to be believed, and was unacceptable as evidence because it presented an impossible physical situation. Cf. Caledonian American Insurance Company of New York v. Coe, Fla.1954, 76 So.2d 272. This court does not so view the testimony in question, and on examination of the record concludes that the testimony of the plaintiff and his witness read in the light most favorable to the plaintiff reveals that the evidence is such that a jury could find that the accident happened substantially as the plaintiff described the occurrence. We therefore reverse and remand the cause for a new trial. Cf. St. Germain v. Carpenter, Fla. 1956, 84 So.2d 556.
Reversed and remanded.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.