CARROLL, DONALD K., Chief Judge.
The defendant, an insurance company, has appealed from a final judgment entered by the Circuit Court for Putnam County based upon a jury verdict in an action to recover for total and permanent disability payments under a group insurance policy issued by the defendant.
The substance of the appellant’s contentions on this appeal is that the plaintiff failed to establish at the trial that he was permanently and totally disabled under the terms of the policy and failed to establish that he had complied with the conditions precedent to recovery under the terms of the policy.
Our examination of the transcript of the trial proceedings, however, convinces us that there was ample evidence at the trial from which the jury as reasonable men could have properly concluded that the plaintiff was so disabled and that he had sufficiently complied with the conditions precedent as set up in the policy. These were jury questions, and neither this court nor the Circuit Court has the authority to substitute the court’s findings of fact for those of the jury in view of this situation.
In this appeal the plaintiff-appellee has filed cross assignments of error, assigning as error the denial by the court of his mo *462 tion that the jury he instructed to bring in a verdict of $5,000.00, which motion was made upon the rendition of the jury verdict in the amount of $3,000.00, and the denial of the plaintiff’s motion to amend the judgment to conform the judgment to the evidence and the law so as to award $5,000.00 instead of the $3,000.00 named in the jury verdict. The plaintiff at no time has moved for a new trial to accomplish the change in the amount of the judgment, and in fact states in his brief that he does not seek a new trial in order to accomplish the change in the amount of the verdict but merely a reversal with directions for the lower court to increase the amount of the judgment to $5,000.00, since there are only two possible verdicts in this case — “nothing” and “$5,000.00.”
We think this point of the appellee is well taken. This is an action on a contract, the insurance policy. The insurance company has agreed to pay $5,000.00 under certain conditions stated in the policy. If these conditions are shown to have been fulfilled, the company is liable for the said agreed amount and no lesser amount.
This conclusion is a rather obvious one; but the real problem before us is to determine the best and fairest method of correcting the error reflected in the verdict and judgment. The appellee urges that we reverse the judgment and direct the Circuit Court to enter a judgment for $5,-000.00, and he does not seek a new trial. This is, of course, a natural desire to avoid the expense and hazards of a new trial, but the courts must exercise their discretion to effectuate justice under law from the point of view of the interests of all the parties in the action (as well as those in future litigations when the ruling might be relied on under the doctrine of stare de-cisis.) This situation presents the converse of that involved in the recent case of Sarvis v. Folsom, Fla.App., 114 So.2d 490 (1959), in which we declined to order an additur largely for the reasons that the damages reflected in the verdict were un-liquidated and that we were reluctant to infringe in any way upon the right of trial by jury. In the instant case the amount owed is liquidated, being fixed by the insurance contract.
However, all things considered, we are inclined to the view that justice would be better served by our ordering a new trial on the question of damages only. The question of the defendant’s liability under its insurance contract has been settled by the jury in the trial below.
The judgment appealed from is reversed and the cause is remanded for a new trial on the issue of damages only in accordance with the views herein expressed.
STURGIS and RAWLS, JJ., concur.