227 So.2d 309 (1969)
STATE FARM FIRE & CASUALTY COMPANY, Appellant,
v.
Jack LICHTMAN and Ann Maria Lichtman, Appellees.
Nos. 68-1114, 68-1123.
District Court of Appeal of Florida. Third District.
October 21, 1969.
Rehearing Denied November 7, 1969.
*310 Fleming, O'Bryan & Fleming, Ft. Lauderdale, for appellant.
Fink & Syna, Miami, for appellees.
Before BARKDULL, HENDRY and SWANN, JJ.
PER CURIAM.
Appellant issued an insurance policy to the appellees, covering theft of articles normally maintained in the home of the insureds. The policy covered certain items that were scheduled and individually evaluated at the time of the issuance of the policy. The policy also contained a provision covering unscheduled items, which read in part at follows:
"Coverage B  Unscheduled Personal Property.
"1. On Premises: This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling, owned, worn or used by an Insured, while on the premises, * * *"
* * * * * *
Following a burglary and the loss of certain scheduled items and loss of five platinum buttons[1] which were not scheduled, the company offered to settle for the amount of the scheduled items but denied liability for the loss of the five platinum buttons. Suit was instituted and an answer was filed admitting the liability on the scheduled items, with liability denied on the remainder. Thereafter, a partial summary judgment on liability for the scheduled items was entered. The company subsequently attempted to amend its answer and retract its admission of liability for the scheduled items, which the trial court denied. The trial court also denied certain discovery procedures relating to the five platinum buttons and finally, upon the date set for jury trial, entered a judgment in favor of the plaintiffs for the full amount claimed by them without submitting the matter to trial as to the alleged loss for the unscheduled items, it having previously held that the buttons were covered under the policy. It further found that the insureds were entitled to receive attorneys' fees based only on the recovery for the unscheduled loss. The insurance company has appealed and urges error in the granting of the summary judgment on the scheduled items, the failure to permit it to withdraw its answer relating to the scheduled items admission, denying discovery relating to the platinum buttons which had been unscheduled, and entry of the final judgment. Appellee has cross-assigned error in the failure of the trial court to award the insureds an attorney's fee for recovery of the amount of the scheduled items.
*311 We affirm all the actions of the trial judge, except as to the items alleged to be covered in the unscheduled provisions of the policy and that relating to the award of attorneys' fees, and return the matter to the trial court for a trial on all issues relating to the unscheduled items, which will also permit discovery relating thereto.
A trial court has a duty, as a matter of law, to determine the extent of coverage under an insurance policy. Miller Electric Company of Florida v. Employer's Liability Assurance Corporation, Fla.App. 1965, 171 So.2d 40; United Services Automobile Association v. Porras, Fla. App. 1968, 214 So.2d 749; 18 Fla.Jur., Insurance, § 454; 44 Am.Jur.2d, Insurance, § 2064. But whether a certain set of facts exist to bring a loss to the insured within the terms of a policy is an issue to be determined by the trier of fact. Fireman's Fund Indemnity Company v. Perry, 149 Fla. 410, 5 So.2d 862; Caledonian American Insurance Company of New York v. Coe, Fla. 1954, 76 So.2d 272; Crown Life Insurance Company v. Feagin, Fla.App. 1962, 139 So.2d 461; 18 Fla.Jur., Insurance, § 454; 46 C.J.S. Insurance § 1374. In this connection, the insurance company should be permitted discovery relating to the items alleged to be covered under the policy. Parker v. Parker, Fla.App. 1966, 182 So.2d 498; Southern Mill Creek Products Co., Inc. v. Delta Chemical Company, Fla. App. 1967, 203 So.2d 53; Homer v. Connecticut General Life Insurance Company, Fla.App. 1968, 213 So.2d 490.
On the cross-assignment, we find that the trial court erred in limiting the fee of the insureds' attorney commensurate with the amount recovered under the unscheduled provisions of the policy. In this particular instance, fees should be awarded also on the recovery for the scheduled items because, in fact, the amount was not tendered and, to the contrary, after the original admission the company attempted to disavow liability by its proposed amendment to its answer relating to these items. Caruthers v. Williams, Fla. 1885, 21 Fla. 485; Kreiss Potassium Phosphate Co. v. Knight, 98 Fla. 1004, 124 So. 751; Gus' Baths, Inc. v. Lightbown, 101 Fla. 1205, 133 So. 85, 135 So. 300; 32 Fla.Jur., Tender, § 10.
Therefore, for the reasons above stated, this matter is returned to the trial court for a jury trial and an award of attorneys' fees in conformity with the above and foregoing opinion.
Affirmed in part; reversed in part, and remanded with directions.
NOTES
[1] Not "decorative" buttons; the term "buttons" applying to the manner in which platinum is stored until sold or used.