410 So.2d 611 (1982)
KLAESEN BROTHERS, INC., a Florida Corporation, Appellant,
v.
HARBOR INSURANCE COMPANY, a Foreign Corporation Authorized to Do Business in Florida, Appellee.
No. 80-1618.
District Court of Appeal of Florida, Fourth District.
March 3, 1982.
Slawson & Burman, North Palm Beach, and Edna L. Caruso, West Palm Beach, for appellant.
Arthur M. Simon and Fulvia A. Morris of Goodwin, Ryskamp, Welcher, Carrier & Donoff, P.A., Miami, for appellee.
OWEN, WILLIAM C., Jr., (Retired) Associate Judge.
The issues here involve questions of insurance coverage.
Appellant was sued in a wrongful death case, the complaint alleging that the active tortfeasor, one Pitts, was an employee of appellant and in the course and scope of such employment at the time of committing the tort. The complaint also alleged the alternative theory of negligent hiring. Appellant made demand on appellee, Harbor Insurance Company, to defend the suit, appellant claiming to be an additional insured under the Carnival Liability coverage of the *612 insurance policy which appellee had issued to Amusements of America, the named insured. Upon the insurance company denying coverage, appellant brought this action for declaratory judgment. On facts without significant dispute, the trial court held that the insurance policy provided no coverage to appellant for the claim made against it in the wrongful death action.
Appellant owns and operates carnival attractions. It booked an attraction, known as the Himalaya Ride, with Amusement of America for a carnival held at Cooper City in February 1976. Appellant hired Pitts to erect the ride and load people on to it. Pitts had only been working three or four days when he shot and killed one Hardison. The representative of Hardison's estate sued appellant, alleging (1) the negligent hiring of Pitts who allegedly had a known criminal record and a known violent nature, (2) that Pitts' employment required him to sleep and live on the carnival premises, and (3) that at the time of the killing Pitts was acting in his capacity as employee and/or agent of appellant.
Section II of the carnival liability coverage of the policy, titled "Persons Insured," provided as follows:
Each of the following is an insured under this insurance to the extent set forth below:
.....
(d) A person or organization owning or operating a carnival attraction but only while such person or organization is operating the carnival attraction with the express permission of the insured in connection with a carnival owned or operated by the named insured... .
Since appellant owned and was operating a carnival attraction, a Himalaya Ride, with a carnival operated by Amusements of America and with the latter's express permission, appellant fit squarely within the definition of "an insured" under the policy.
The insuring agreement of the policy provided as follows:
The company will pay on behalf of the insured all sums which the insured shall become obligated to pay as damages because of
A. bodily injury or
B. property damage

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or operation of a carnival and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent ... (Emphasis added).
Appellee contends, we think correctly, that the policy only provides coverage for carnival attractions, i.e., only for bodily injury or property damage arising out of the ownership, maintenance or operation of the carnival and all operations necessary or incidental thereto. Thus, (appellee argues) "... there is nothing in the ... policy which would justify an extension of its terms to a point which would render an intentional criminal act which followed a drunken brawl, a `necessary or incidental' operation in the business of maintaining a carnival attraction."[1] But that position, while it could quite likely ultimately exonerate appellee from any duty to pay, does not diminish appellant's status as "an insured" by policy definition, nor does it have any bearing on appellant's entitlement to a defense.
An insurance company's duty to defend is separate and distinct from its duty to pay, Burton v. State Farm Mutual Insurance Company, 335 F.2d 317 (5th Cir. *613 1964), and more extensive. Federal Ins. Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979). The insurer's duty to defend is determined solely by the allegations in the complaint against the insured, Accredited Bond Agencies, Inc. v. Gulf Ins. Co., 358 So.2d 1252 (Fla. 1977), not by the insured's version of the facts, St. Paul Fire and Marine Ins. Co. v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973), nor the insured's defenses, Carolina Aircraft Corp. v. American Mutual Liability Ins. Co., 517 F.2d 1076 (5th Cir.1975). If the allegations in the plaintiff's pleading against the insured state facts bringing the injury within the coverage of the policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff, Battisti v. Continental Cas. Co., 406 F.2d 1318 (5th Cir.1969), the duty to defend not being limited only to meritorious suits. Burton v. State Farm Automobile Ins. Co., supra. The wrongful death complaint alleges (at least marginally and by reasonable implication) that appellant's conduct in negligently hiring and retaining Pitts, and its vicarious liability for Pitts's acts while in the course and scope of his employment, arose out of the ownership, maintenance or operation of a carnival, and operations necessary or incidental thereto. These allegations, even if untrue and even though denied by appellant, entitled appellant to a defense as an insured under the policy.
The judgment is reversed.
DOWNEY and BERANEK, JJ., concur.
NOTES
[1] Both the trial court and the insurer may have been lead astray on the the coverage issue by (1) the fact that the killing, which occurred at 3 a.m., well after the carnival had been closed down for the night, was the aftermath of a drunken barroom brawl involving Pitts and Hardison, and (2) appellant's understandable denial that Pitts was then in the course and scope of his employment. But the complaint in the wrongful death action (with which we must be concerned for coverage questions) alleges only that the killing occurred while Pitts was acting as employee and/or agent of appellant, without details of the killing.