FRANK D. UPCHURCH, Jr., Judge.
We reverse the order striking appellants’ complaint as a sham pleading. The second amendment to the student’s amended complaint, in alleging that appellant MacLeod was a teacher and was supervising construction of an athletic building on the high school campus at the time of the student’s injury, was sufficient to invoke appellee Commercial Union’s duty to defend MacLeod under its teacher’s liability coverage rider which provided coverage to teachers for bodily injury arising out of their “teaching activities.” [1] See Klaesen Bros. Inc. v. Harbor Ins. Co., 410 So.2d 611 (Fla. 4th DCA 1982) ( complaint is sufficient to invoke duty to defend where it alleges, at least marginally and by reasonable implication, conduct within coverage of policy); Tropical Park, Inc. v. United States Fidelity and Guaranty, 357 So.2d 253 (Fla. 3d DCA 1978) (to invoke duty to *512 defend, claim must be “fairly within the scope of insurance coverage”). Further proceedings are necessary below to resolve the duty to indemnify issue[2] which requires a determination of whether Mac-Leod’s alleged negligent acts or omissions actually occurred “in connection with his occupation as a member of the faculty.”
REVERSED and REMANDED.
COBB, C.J., and ORFINGER, J., concur.

. The rider defines “teaching activities” as including "acts or omissions of the insured in connection with his occupation as a member of the faculty_”

. See Federal Ins. Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979) which explains that the duty to defend is more extensive than the duty to pay and an insurer may be required to defend but not indemnify because the actual facts, as opposed to the complaint, show the non-existence of coverage.