471 So.2d 209 (1985)
STATE FARM FIRE AND CASUALTY COMPANY, a Foreign Insurance Company, Appellant,
v.
William B. EDGECUMBE and Eva Lucille Edgecumbe, Appellees.
No. AY-493.
District Court of Appeal of Florida, First District.
June 21, 1985.
John P. Townsend of Chesser, Wingard, Barr & Townsend, Ft. Walton Beach, for appellant.
Joe J. Harrell of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellees.
THOMPSON, Judge.
State Farm Fire and Casualty Company (State Farm) appeals a final declaratory judgment finding that it owed a duty under its policy of insurance to provide Eva Lucille Edgecumbe with a defense to the proceedings filed against her by a third party, and ordering State Farm to pay any judgment rendered therein up to the policy limits of her coverage. We reverse.
James Smith filed suit against Mrs. Edgecumbe alleging that she "wickedly and *210 maliciously, intending to injure [him] and bring him in public scandal and disgrace, did ... falsely and maliciously and without probable or reasonable cause, swear out a warrant against [him] and charged [him] with assault... ." (Emphasis supplied.) The State Farm policy provides there is no duty to defend claims or suits brought against the insured for "bodily injury or property damage which is expected or intended by the insured." The same day that the Smith complaint was filed, State Farm filed a suit for declaratory judgment to determine whether it had a duty to defend the Smith suit and whether its policy afforded coverage for the damages proved, if any. At the hearing on its petition State Farm argued that its duty to defend was to be determined solely by the allegations contained in Smith's complaint. The Edgecumbes' attorney sought to introduce their testimony at the hearing and State Farm's attorney objected. The trial judge announced he would accept the testimony as a proffer and would rule on it later. Without ever making a ruling on the admissibility of the evidence, the court subsequently entered its final declaratory judgment reciting that after hearing the evidence it found that Mrs. Edgecumbe did not act with malice and that there was probable cause for the arrest of Smith and therefore the injuries and damages sought by the plaintiff did not arise from an incident expected or intended by Mrs. Edgecumbe. The final order made it clear that the judge had relied upon the Edgecumbes' testimony in reaching his decision.
It was error for the trial judge to consider testimony not admitted into evidence in making the findings and conclusions in his order. It would have been error to consider the testimony even had the trial judge properly admitted it into evidence. Whether an insurance company owes a duty to provide an insured with a defense to proceedings instituted against him must be determined from the allegations of the complaint. This rule applies even if the testimony of the Edgecumbes tended to show that the actual facts are different from the allegations of the complaint. Such evidence should not be considered as the allegations of the complaint are controlling. National Union Fire Insurance Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1978); State Farm Mutual Automobile Insurance Co. v. Universal Atlas Cement Co., 406 So.2d 1184 (Fla. 1st DCA 1982).
The complaint filed against Mrs. Edgecumbe specifically alleged that she intended to injure Smith when she swore out a warrant charging him with assault. This allegation clearly brings the claim within the exclusion of the State Farm policy providing no coverage for claims or suits brought against the insured for bodily injury or property damage which is expected or intended by the insured.
The judgment is reversed and the cause remanded for entry of a judgment declaring that State Farm has no duty to defend until such time as the allegations of an amended complaint, if any, remove the cause from the policy exclusion.
MILLS and SMITH, JJ., concur.