534 So.2d 922 (1988)
RELIANCE INSURANCE COMPANY, Appellant,
v.
ROYAL MOTORCAR CORPORATION, Etc., and Ronald Lyss, et al., Appellees.
No. 4-86-2817.
District Court of Appeal of Florida, Fourth District.
December 14, 1988.
Rehearing Denied January 5, 1989.
Caroline C. Emery of Harold C. Knecht, Jr., P.A., Coral Gables, for appellant.
Joseph S. Kashi of Conrad, Scherer & James, Fort Lauderdale, for appellee, Royal Motorcar.
PER CURIAM.
Reliance Insurance Company appeals a declaratory judgment holding that it had a duty to defend its insured as well as afford coverage for the accident in question.
Ronald Lyss sued Royal Motorcar Corporation (Royal), Reliance Insurance Company (Reliance), Marine Consulting, Inc. (Marine), Richard L. Walters, president of Royal, and others to recover compensatory damages for personal injuries sustained in a boating accident. The amended complaint alleged that Marine permitted Royal's president, Richard Walters, to possess, maintain and use a certain boat, that "at all times material herein" Richard Walters was acting as an agent of Royal and Marine when engaged in the maintenance, operation *923 and use of the boat, and that the defendants were engaged in a joint venture and/or joint enterprise in negligently entrusting the boat to Richard's brother, William, whose negligent operation of the boat caused the plaintiff's personal injuries.
Royal was the named insured in a comprehensive general liability insurance policy issued by Reliance. The policy contained a watercraft exclusion which states:
This insurance does not apply:
... .
5. to personal injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of
(a) any watercraft owned or operated by or rented or loaned to any Insured.
The policy defined an "Insured" as the organization designated as the "Named Insured" on the first page of the policy and any executive officer, director or stockholder thereof while acting within the scope of his duties as such.
Reliance denied coverage and did not defend Royal in the main action, thus forcing Royal to retain its own counsel to defend the case. Royal and Reliance filed cross-claims for declaratory judgment against each other with Royal seeking to establish the existence of insurance coverage and the right to a defense and Reliance seeking to negate it.
During the course of the proceedings Ronald Lyss settled his claim. The case was then tried by the court on the cross-claims. For use in trial of the cross-claims Royal and Reliance filed a stipulation of facts which included a stipulation that Richard Walters, president of Royal, borrowed the boat from Marine to use for his own personal pleasure and that, while it was being so used with his family and operated by his brother, the boat had been involved in the accident injuring Ronald Lyss.
Reliance contends that an insurer's duty to defend is determined by the allegations of the complaint and because Lyss's complaint alleged facts placing the incident within the insurance policy's watercraft exclusion, the duty to defend never arose. Royal, on the other hand, argues that the exclusion relied upon by Reliance is applicable only if Richard Walters was an insured under the Royal policy, and that Richard Walters did not meet the policy definition of an insured because the stipulation of facts filed after settlement of the injured plaintiff's claim established that he was not using the boat within the scope of his duties as an officer of Royal Motorcar Corporation.[1]
The duty of an insurer to defend is determined solely by the allegations of the complaint against the insured, National Union Fire Insurance Co. v. Lenox Liquors, Inc., 358 So.2d 533 (Fla. 1977); Buckner v. Physicians Protective Trust Fund, 376 So.2d 461 (Fla. 3d DCA 1979); Patriot General Insurance Co. v. Automobile Sales, Inc., 372 So.2d 187 (Fla. 3d DCA 1979), not by the actual facts, State Farm Fire and Casualty Co. v. Edgecumbe, 471 So.2d 209 (Fla. 1st DCA 1985), nor the insured's version of the facts or the insured's defenses. Klaesen Brothers v. Harbor Insurance Co., 410 So.2d 611 (Fla. 4th DCA 1982). There is no obligation on an insurer to defend an action against its insured when the pleading in question shows the applicability of a policy exclusion. Federal Insurance Co. v. Applestein, 377 So.2d 229 (Fla. 3d DCA 1979).
Appellee contends that the general rule, which provides that the duty to defend is initially determined by the allegations of the complaint, is not controlling here because of the holding in Broward Marine, Inc. v. Aetna Insurance Co., 459 So.2d 330 (Fla. 4th DCA 1984). In that case a boat purchaser sued a boat builder for defects in the construction of a boat. Midway through the suit it became apparent that the purchaser was also claiming damages for negligent repair of the boat after the sale to the owner. At that point, the builder called upon its insurance carrier to take *924 over the defense of the case because its policy covered a claim for negligent repair. The insurer declined and a judgment was obtained against the boat builder for negligent repair. The builder then sued its insurer for failure to defend the prior suit. As the court pointed out, the pertinent issue was whether the initial suit involved the question of negligent repair because, if it did, the complaint in the second suit stated a cause of action for failure to defend. The court cited with approval a case from the Second District Court of Appeal, C.A. Fielland, Inc. v. Fidelity and Casualty Co. of New York, 297 So.2d 122, 127 (Fla. 2d DCA 1974), which stated that:
The duty to defend, in the first instance, is determined from the allegations of the complaint.... Yet, if it later becomes apparent that claims not originally within the scope of the pleadings are being made which are within the insurance coverage, the insurance carrier upon notification would then become obligated to defend.
In our judgment, the Broward Marine case is inapposite here. Midway in the ongoing litigation in that case it became apparent that a claim within the coverage was being made, the insured notified the insurer and demanded it assume its obligation to defend. From that time forward, the insurer would be responsible for the cost of defending its insured. However, in the present case the stipulation of facts upon which appellee relies to demonstrate a duty on Reliance's part to defend was executed and filed after the litigation giving rise to the claim for attorney's fees and costs had been concluded. Thus, to apply the Broward Marine rule to this case would require Reliance to pay for the defense of a claim that, as pled, never fell within the policy coverage because expressly excluded.
In view of the foregoing, we reverse and remand for the entry of judgment for Reliance on the cross-claim for declaratory relief.
REVERSED AND REMANDED, with directions.
HERSEY, C.J., DOWNEY, J., and OWEN, WILLIAM C., Jr., Associate Judge, concur.
NOTES
[1] Not explained is how Royal would have vicarious liability for Walters' conduct if this position is factually correct, as apparently it is.