621 So.2d 447 (1993)
MARR INVESTMENTS, INC., d/b/a City Limit, a Florida Corporation, Appellant,
v.
Lynn GRECO, Alliance General Insurance Company, Appellees.
No. 91-3391.
District Court of Appeal of Florida, Fourth District.
February 24, 1993.
Order on Rehearing May 19, 1993.
*448 Layne Verebay of Freedman & Verebay, P.A., North Miami Beach, for appellant.
Jack E. Thompson and Jon S. Hainline of Williams, Montgomery & Thompson, Ltd., Miami, for appellee-Alliance General Ins. Co.
PER CURIAM.
Appellant, Marr Investments, Inc. (Marr), appeals from a final summary judgment in favor of Alliance General Insurance Company (Alliance), holding that Marr's insurance policy with Alliance did not provide coverage for injuries sustained by Lynn Greco, a patron at a restaurant and nightclub owned and operated by Marr.
The factual scenario giving rise to this litigation appears to be that, while a patron at Marr's club, Lynn Greco was injured when another patron struck her with a drinking glass while they were on the dance floor. The offending patron was arrested and charged with assault and battery.
Greco sued Marr in one count, alleging that, while a patron at Marr's establishment, she was injured as a result of Marr's negligence. She alleged further that Marr was responsible due to the negligence of its employees, servants or agents in the following ways:
a) By allowing patrons to hold glass objects on a crowded dance floor,
b) By failing to properly supervise its employees, and
c) By failing to properly train its employees.
Marr filed its answers and affirmative defenses denying the material allegations of the complaint. Since its insurance carrier, Alliance, had previously denied coverage for the incident, Marr filed a third-party complaint for breach of contract and for declaratory relief against Alliance. Alliance answered and pled affirmatively that the insurance policy contained an assault and battery exclusion which precluded recovery in this case. Thereafter, both parties filed motions for summary judgment. Marr's motion was denied, but Alliance's was granted.
The summary judgment entered by the trial court states that the matter was heard upon Alliance's motion for summary judgment "on the issue of coverage," and the court reviewed the motion and other documents, including affidavit of counsel, the insurance policy involved, and depositions and argument of counsel. As a result, the court granted the motion for summary judgment, "finding that there is no coverage by Alliance of the incident complained about," and the court entered summary judgment for Alliance and against Marr. *449 The foregoing to the contrary notwithstanding, in their appellate presentation the parties argue the case as though the trial court had specifically found no duty to defend as well as no duty to indemnify. We, accordingly, treat the appellate issues presented as appropriate for decision.
The rules applicable to the dual duties of an insurer to afford insurance coverage and a defense to the insured are well-established in this jurisdiction. Regarding the duty to indemnify, the construction of an insurance policy and the extent of coverage is a question of law for the court. Jones v. Utica Mutual Insurance Co., 463 So.2d 1153 (Fla. 1985); State Farm Fire & Casualty Co. v. Lichtman, 227 So.2d 309 (Fla. 3d DCA 1969). However, it is for the trier of fact to determine whether the facts of a case fall within the scope of coverage. Id. On the other hand, the duty to defend and the duty to indemnify are not coextensive; the former duty is broader than the latter. West American Insurance Co. v. Silverman, 378 So.2d 28 (Fla. 4th DCA 1979), cert. denied, 389 So.2d 1117 (Fla. 1980). Furthermore, in determining if there is a duty to defend, the trial court is restricted to the allegations of the complaint, regardless of what the defendant and others say actually happened. State Farm Fire & Casualty Co. v. Edgecumbe, 471 So.2d 209 (Fla. 1st DCA 1985). As the court stated in Reliance Insurance Company v. Royal Motorcar Corporation, 534 So.2d 922 (Fla. 4th DCA 1988), rev. denied, 544 So.2d 200 (Fla. 1989), relying upon National Union Fire Insurance Co. v. Lenox Liquors, 358 So.2d 533 (Fla. 1977):
The duty of an insurer to defend is determined solely by the allegations of the complaint against the insured, not by the actual facts, nor the insured's version of the facts or the insured's defenses.
(citations omitted) (emphasis supplied). 534 So.2d at 923. Furthermore, if there is any doubt about the duty to defend, the issue is to be resolved in favor of the insured requiring the insurer to defend. Baron Oil Co. v. Nationwide Mutual Fire Ins., 470 So.2d 810 (Fla. 1st DCA 1985). Applying the foregoing rules to the present case, we find that the complaint alleges the plaintiff was injured as a result of the negligence of Marr's employees, servants, or agents in at least three ways:
a) By allowing patrons to hold glass objects on a crowded dance floor,
2) By failing to properly supervise its employees, and
c) By failing to properly train its employees.
While we recognize the allegations of the complaint are weak, Alliance never attacked the adequacy of the allegations to state a cause of action, which purports to be one in negligence. Instead, Alliance joined issue by filing an answer and affirmative defenses, one of which asserts an exclusion for damages arising out of an assault and battery. Alliance contends that resort to the plaintiff's deposition and other matters in the record reflects that the plaintiff was injured as a result of an assault and battery by another patron of the club. This argument flies in the face of the rules discussed above. The determination is to be made by resort solely to the complaint, which alleges negligence and makes no allusion to any intentional tort fact or theory.
Accordingly, it appears that the trial judge erred in considering extraneous matters in resolving the question as to the duty to defend, and that it was also in error in determining the coverage question as a matter of law, as it was premature to determine that issue at this time. See International Surplus Lines Ins. Co. v. Markham, 580 So.2d 251 (Fla. 2d DCA 1991). Coverage should be deferred until liability is decided.
However, it appears abundantly clear to us that the plaintiff's complaint has been framed in negligence solely to reach the "deep pocket" of the insurance company (or its insured), as there is a clear exclusion in the policy for assault and battery by a patron, which is what occurred in this case. It is wrong to require the insurance company to defend against facts that are clearly not within the coverage of the policy, even though the "complaint" may be. We *450 wholeheartedly agree with the concurring opinion of Judge Griffin in Allstate Insurance Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992) on this issue.
REVERSED AND REMANDED for further proceedings.
GUNTHER and WARNER, JJ., and DOWNEY, JAMES C., Senior Judge, concur.

ON MOTION FOR REHEARING
DOWNEY, JAMES C., Senior Judge.
This appeal commenced to review a final summary judgment in favor of appellee, Alliance General Insurance Company, wherein the court held that appellant's Marr Investments Inc., insurance policy with Alliance did not provide coverage for injuries sustained by appellee, Greco, while a patron at a restaurant and nightclub owned and operated by Marr. This court at page 448 reversed the summary judgment holding that the record did not justify a summary judgment on the issues of coverage and a duty to defend. An order followed wherein we granted appellant's motion for an allowance of attorney's fees pursuant to section 627.428, Florida Statutes (1991), "if appellant should be the ultimate prevailing party herein".
Appellant timely filed a motion for rehearing or clarification contending that our order allowing it attorney's fees if it was ultimately the prevailing party was ambiguous and should be clarified. We agree.
Accordingly, we modify our order of February 24, 1993 to provide that appellant's motion for attorney's fees is granted contingent upon appellant ultimately being the prevailing party on the coverage issue or the issue of duty to defend. Keller Indus. v. Employers Mut. Liab. Ins. Co. of Wisconsin, 429 So.2d 779 (Fla.3d DCA 1983) and Preuss v. United States Fire Ins. Co., 414 So.2d 249 (Fla.4th DCA 1982).
While the motion for rehearing was pending, appellees filed a motion to supplement the record with documentary evidence demonstrating that the claim involved herein between plaintiff and defendants had been settled and the claim released long before our opinion issued. Whereupon, this court issued a rule to show cause why our recent opinion should not be withdrawn and the case dismissed. Having received the offerings of the parties we conclude the motion was not rendered moot by the mentioned settlement.
Accordingly, the motion to supplement the record is denied and our opinion of February 24, 1993, as amended, is confirmed.
GUNTHER and WARNER, JJ., concur.