641 So.2d 123 (1994)
Beverly SMITH, Assignee of Captain's Cab, Inc., Appellant,
v.
GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellee.
No. 93-1639.
District Court of Appeal of Florida, Fourth District.
June 15, 1994.
Rehearing and Rehearing Denied August 17, 1994.
Mark J. Smith, Littky and Chandler, West Palm Beach, for appellant.
Richard A. Sherman and Rosemary B. Wilder, Law Offices of Richard A. Sherman, P.A., Fort Lauderdale, and Gerald E. Rosser Law Offices of Gerald E. Rosser, Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied August 17, 1994.
GUNTHER, Judge.
Appellant, Beverly Smith, assignee of Captain's Cab, Inc., plaintiff below (Plaintiff), appeals the trial court's order denying her motion for summary judgment and granting the cross motion for summary judgment of appellee, General Accident Insurance Company of America (Insurer), defendant below. We affirm in part and reverse in part. We affirm that portion of the summary judgment finding Insurer has no duty to defend the automobile negligence claim. We reverse that portion of the trial court's order granting Insurer's motion for summary judgment and ruling that the allegations in Plaintiff's complaint did not give rise to a duty to defend the negligent hiring claim. On remand, the trial court is directed to vacate the order denying Plaintiff's motion for summary judgment and enter a summary judgment in favor of Plaintiff on the issue of Insurer's duty to defend Captain's Cab, Inc. on the negligent hiring claim.
Plaintiff was involved in a rear-end collision with a taxi and sued the taxi's owner, Captain's Cab, Inc. (Captain's), and the taxi driver, James Hunnicutt (Hunnicutt). Count I of Plaintiff's complaint was an automobile negligence claim against Captain's and Hunnicutt. *124 Count II was a negligent hiring claim against Captain's and alleged the following:
Defendant CAPTAIN'S CAB, INC., knew or should have known in the exercise of reasonable care that Defendant HUNNICUTT was unfit and unqualified to operate a cab or taxi for hire, and negligently employed and/or retained his services as a driver despite knowledge that he was likely to, and did, operate a motor vehicle negligently, carelessly, and in an unsafe manner.
At the time of the accident, Captain's had a general business liability policy in effect with Insurer, but did not have an automobile policy that covered the specific taxi involved. The general liability policy contained a car accident exclusion:
This insurance does not apply:
... .
to bodily injury or property damage arising out of the ownership, maintenance, operation, use, loading or unloading of (1) any automobile or aircraft owned or operated by or rented or loaned to any insured, or (2) any other automobile or aircraft operated by any person in the course of his employment by any insured.
Relying on the general liability policy's car accident exclusion clause, Insurer refused to defend any of the claims against Captain's and Hunnicutt. Plaintiff responded by filing a declaratory judgment action against Insurer, alleging that the general liability policy gave rise to a duty to defend Captain's. Because Count II of Plaintiff's original complaint alleged negligent hiring, Plaintiff asserted that the cause of action for negligent hiring
falls under that specific language of the policy covering bodily injury caused by "an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary and incidental thereto, and the company shall have the right and duty to defend any claims against the insured seeking damages on account of such bodily injury... .
In its answer to Plaintiff's declaratory judgment complaint, Insurer asserted the car accident exclusion as an affirmative defense.
Subsequently, Plaintiff filed a motion for summary judgment, and Insurer filed a cross motion for summary judgment. The trial court granted Insurer's motion for summary judgment and denied Plaintiff's motion, holding that the general liability insurance policy did not give rise to a duty to defend the Plaintiff's allegations of negligent operation of a motor vehicle or the negligent hiring claim.
An insurance company's duty to defend is separate and more extensive than its duty to pay. Klaesen Brothers, Inc. v. Harbor Ins. Co., 410 So.2d 611, 612-13 (Fla. 4th DCA 1982). The duty to defend is determined solely by the allegations in the complaint against the insured, not by the insured's defenses. Id. at 613. If the allegations in the complaint state facts bringing the injury within the policy's coverage, the insurer must defend regardless of the merit of the lawsuit. Id. Any doubt about the duty to defend must be resolved in favor of the insured. Marr Investments, Inc. v. Greco, 621 So.2d 447, 449 (Fla. 4th DCA 1993).
We rely on Klaesen to support our conclusion that the trial court erred in finding that Insurer did not have a duty to defend the negligent hiring lawsuit. In Klaesen, appellant, the owner and operator of carnival attractions, was sued for wrongful death. The complaint alleged that the tort-feasor, Pitts, was an employee of appellant and acted in the course and scope of employment when he killed the victim, Hardison. The complaint also alleged an alternative theory of negligent hiring. 410 So.2d at 611. Appellant made demand on appellee, Harbor Insurance Company, to defend the suit. After the insurance company denied coverage, appellant sued for declaratory relief. The trial court held that the insurance policy did not provide coverage. Id. at 612.
Although the Klaesen court noted that appellee correctly contended that the policy would not cover an intentional criminal act unrelated to a carnival attraction, the court held that the lack of a duty to pay has no bearing on appellant's entitlement to a defense. Id. The court held that appellant was entitled to a defense because the wrongful *125 death complaint alleged, "at least marginally and by reasonable implication," that appellant's conduct in negligently hiring and retaining Pitts arose out of the ownership, maintenance, or operation of a carnival, and operations necessary or incidental thereto. 410 So.2d at 613. Accordingly, the Klaesen court held that the complaint's allegations, "even if untrue and even though denied by appellant, entitled appellant to a defense as an insured under the policy." Id.
The facts in the instant case parallel the facts in Klaesen. In the instant case, the insurance policy covers bodily injury or property damage "arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto ... even if any of the allegations of the suit are groundless, false or fraudulent." Plaintiff's complaint for declaratory relief against Defendant alleged that Captain's conduct in negligently hiring and retaining Hunnicutt fell under the general liability policy issued by Defendant because it arose out of "the ownership, maintenance or use of the insured premises and all operations necessary and incidental thereto." Under Klaesen, these allegations, even if untrue and denied by Defendant, entitle Captain's to a defense under the general business liability policy.
Insurer cites Judge Griffin's concurring opinion in Allstate Ins. Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992), to support its argument that Plaintiff's complaint did not give rise to a duty to defend. In Conde, the plaintiff, who was the victim of a shooting, sued her attacker claiming intentional wrongdoing and, alternatively, negligence. The only determination made by the Conde court was that the insurance company's declaratory judgment suit was an appropriate vehicle to resolve the issue of whether the shooting was intentional or negligent. 595 So.2d at 1008. In her concurring opinion, Judge Griffin attacked the practice of including spurious negligence claims in order to compel an insurance company to provide a defense on the intentional tort claim. Id. at 1009.
In Marr Investments, Inc. v. Greco, 621 So.2d 447, 449-50 (Fla. 4th DCA 1993), a case involving an intentional tort claim and a negligent hiring claim, this court expressed its agreement with Judge Griffin's concurring opinion in Conde. In Marr, the appellant appealed from a summary judgment holding that the insurance policy did not provide coverage for injuries sustained by a patron who was intentionally struck with a glass by another patron. The injured patron sued the bar owner, alleging that she was injured as a result of the bar owner's negligence. After the insurance carrier denied coverage, the bar owner sued for breach of contract and declaratory relief. The trial court entered summary judgment for the insurance carrier on the grounds that there was no coverage because the insurance policy contained an assault and battery exclusion. On appeal, the parties and this court treated the case as though the trial court had specifically found no duty to defend as well as no duty to indemnify. 621 So.2d at 449. In reversing the summary judgment, the Marr court held that the trial judge erred in considering matters extraneous to the duty to defend question and in determining the coverage question prematurely. Accordingly, this court remanded to the trial court for further proceedings. In dicta, this court stated that
[I]t appears abundantly clear to us that the plaintiff's complaint has been framed in negligence solely to reach the "deep pocket" of the insurance company (or its insured), as there is a clear exclusion in the policy for assault and battery by a patron, which is what occurred in this case. It is wrong to require the insurance company to defend against facts that are clearly not within the coverage of the policy, even though the "complaint" may be. We wholeheartedly agree with the concurring opinion of Judge Griffin in Allstate Insurance Co. v. Conde, 595 So.2d 1005 (Fla. 5th DCA 1992) on this issue.
621 So.2d at 450. Although this dicta from Marr might appear to support Insurer's argument that there is no duty to defend and that Plaintiff only framed her complaint in negligent hiring in order to reach Insurer's deep pocket, we find Marr distinguishable from the instant case. In Marr, the plaintiff was the victim of an intentional tort and was *126 injured when hit with a glass by a third party, whereas Plaintiff in the instant case was hit by a car negligently driven by Captain's own employee. Thus, the alleged negligent hiring of that employee, who directly and negligently caused the injury to the plaintiff, gives rise to Insurer's duty to defend under the general business liability policy.
In conclusion, we rely on Klaesen Brothers, Inc. v. Harbor Ins. Co., 410 So.2d 611 (Fla. 4th DCA 1982), and hold that Plaintiff's allegations of negligent hiring gave rise to Insurer's duty to defend Count II of the lawsuit. In light of the established rule that the duty to defend is separate and more extensive than the duty to pay, we disagree with the third district in Atkins v. Bellefonte Ins. Co., 342 So.2d 837 (Fla. 3d DCA 1977), and acknowledge conflict to the extent Atkins conflicts with our opinion.
Accordingly, we affirm that portion of the summary judgment finding that Insurer has no duty to defend the automobile negligence claim. We reverse that portion of the trial court's order granting Insurer's motion for summary judgment and ruling that the allegations in Plaintiff's complaint did not give rise to a duty to defend the negligent hiring claim. On remand, the trial court is directed to vacate the order denying Plaintiff's motion for summary judgment and enter a summary judgment in favor of Plaintiff on the issue of Insurer's duty to defend Captain's Cab, Inc. on the negligent hiring claim.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
STONE and POLEN, JJ., concur.