PER CURIAM.
In these consolidated appeals Bobbie Stevens and American Finance Adjustors, Inc., appeal declaratory judgments finding no coverage under a comprehensive general liability policy issued by appellee American Bankers Insurance Company in Florida. We affirm.
As to the first issue, the Florida Department of State, as the responsible regulatory agency, has determined that the subject insurance .policy conforms to the statutory requirements in effect at the time of the accident. See § 493.31, Fla.Stat. (1985). We see no basis on which to disturb that determination.
*1220 As to the second issue, appellants contend that there should be coverage for the tow truck involved in 'the present case. They reason that the tow truck qualifies as “mobile equipment”; mobile equipment is covered under the policy. Insofar as pertinent here, the policy definition states:
“mobile equipment” means a land vehicle (including any machinery or apparatus attached thereto), whether or not self-propelled, ... (4) designed or maintained for the sole purpose of affording mobility to equipment of the following types forming an integral part of or permanently attached to such vehicle: power cranes....
(Emphasis added).
In our view this terminology refers to a land vehicle which transports a crane to the site or sites at which it is to perform its work. We do not think it applies to a tow truck lifting apparatus where, after it is engaged, the tow truck is then employed to transport the towed vehicle to the intended destination. See Williams v. Galliano, 601 So.2d 769 (La.Ct.App.), writ denied, 604 So.2d 1306 (La.1992); Truck Ins. Exchange v. Transamerica Ins. Co., 28 Cal.App.3d 787, 104 Cal.Rptr. 893 (1972).
As to the duty to defend, the judgment is affirmed on authority of Atkins v. Bellefonte Ins. Co., 342 So.2d 837 (Fla. 3d DCA 1977). But see Smith v. General Accident Ins. Co., 641 So.2d 123, 126 (Fla. 4th DCA 1994) (expressly disagreeing with Atkins). In view of the ruling on coverage and duty to defend, the trial court correctly dismissed Stevens’ remaining claims.
Affirmed.