BARKDULL, Senior Judge.
MCO Environmental, Inc. (MCO), appeals a final summary judgment entered in favor of the appellees in an action for a declaratory judgment. The trial court found that MCO’s two liability insurers, United Capitol Insurance Company (UCIC) and Agricultural Excess & Surplus Insurance Company (AESIC) did not have a duty to defend MCO in a cross-claim brought against it by the Dade County Aviation Department (DCAD).
MCO Environmental is a company specializing in environmental remediation. In 1988, it entered into a contract with DCAD to remove asbestos from three buildings at the Miami Airport. The removal was completed in 1992. A dispute then developed between MCO and DCAD over the method of computing payment. A partial settlement was reached and MCO then filed a complaint to recover the balance of the money owed. DCAD filed an amended answer and counterclaim which alleged that MCO employees had damaged building components including electrical systems, lighting fixtures, drywall and the roof. MCO gave notice of the claim to its two liability insurers, UCIC and AESIC. Both carriers denied coverage, but AESIC provided a defense to the counterclaim under a reservation of rights. Both the AESIC and UCIC policies provided coverage for property damage that was caused by an “occurrence,” but excluded coverage for property damage caused by MCO’s operations or damage caused by incorrectly performed work.
AESIC and UCIC filed actions seeking a declaration that there was no duty to indemnify MCO for the damages alleged or to provide MCO with a defense to the counterclaim. MCO-filed an action seeking a declaration that both AESIC and UCIC owed a duty to provide a defense to the counterclaim and a motion to hold in abeyance any decision on the duty to indemnify until the main case between MCO and DCAD was decided. The actions were consolidated and in August 1995, MCO filed a motion for summary judgment on the issue of the duty of the carriers to defend MCO against the DCAD counterclaim. AESIC and UCIC filed motions for summary judgment seeking a trial court determination that no coverage existed. At the hearing on the motions, the court ruled that the issues between Dade County and MCO were strictly contract issues between the two parties regarding performance of the contract as to workmanship and granted the motions for summary judgment in favor of AESIC and UCIC. This appeal followed.[1]
MCO first argues that both insurers were obligated to provide it with a defense to the counterclaim because the complaint only alleges that the damages were caused while MCO was performing its work and does not allege that the damages were due to faulty workmanship. We agree. The law is clear that the duty to defend is broader than the duty to provide coverage and the insurer is required to defend even if the facts later show that there is no coverage. Smith v. General Accident Ins. Co. of America, 641 So.2d 123, 124 (Fla. 4th DCA 1994); Morgan Int’l Realty, Inc. v. Dade Underwriters Ins. Agency, Inc., 617 So.2d 455, 458 (Fla. 3d DCA 1993); Klaesen Bros., Inc. v. Harbor Ins. Co., 410 So.2d 611, 612-13 (Fla. 4th DCA 1982). Any doubt about the duty to defend must be resolved in favor of the insured. Marr Investments, Inc. v. Greco, 621 So.2d *1116 447, 449 (Fla. 4th DCA 1993); Grissom v. Commercial Union Ins. Co., 610 So.2d 1299, 1307 (Fla. 1st DCA 1992); Baron Oil Co. v. Nationwide Mut. Fire Ins. Co., 470 So.2d 810, 814 (Fla. 1st DCA 1985). If the complaint alleges facts that could bring the insured partially within coverage of the policy, the insurer is obligated to defend the entire suit. Id. at 1307; Tropical Park, Inc. v. United States Fidelity and Guaranty Co., 357 So.2d 253, 256 (Fla. 3d DCA 1978).
In this case, the DCAD counterclaim alleged that MCO or its employees or agents damaged building components while it was removing asbestos under the contract. There were no specific allegations as to how this damage occurred or whether the areas damaged were areas in which MCO had removed asbestos. The AESIC and UCIC policies provide coverage for an “occurrence,” which is defined as an “accident.” Both AE-SIC and UCIC argued that since the only damages alleged were for the repair and replacement of MCO’s defective and shoddy workmanship, there was no “accident” and thus no “occurrence” that would bring the claims within the applicable policy provision. We do not agree that a fair reading of the allegations in the complaint automatically leads to the conclusion that all of the damages were the result of defective workmanship and could not have occurred by an “accident.” Therefore, it was premature for the trial court to conclude that all of the contract issues between the parties related to workmanship and accordingly, the summary judgment under review must be reversed.[2]
Since the DCAD counterclaim against MCO has now been settled, the appellees have no obligation to provide a defense upon remand. However, MCO alleges that the insurers should be liable for the attorney’s fees and costs that it incurred in defense of the counterclaim and also for any collateral damages that resulted from the breach of the duty to defend.
If an insurance company breaches its contractual duty to defend, the insured can take control of the ease, settle it, and then sue the insurance company for the damages it incurred in settling the action. Taylor v. Safeco Ins. Co., 361 So.2d 743, 746 (Fla. 1st DCA 1978). If an insurer provides a defense, as AESIC alleges that it did here, then it must provide an adequate defense. Carrousel Concessions, Inc. v. Florida Ins. Guaranty Assoc., 483 So.2d 513, 516 (Fla. 3d DCA 1986). The damages incurred by the insured in settling or litigating the case are not limited solely to attorney’s fees because the insurer becomes hable for all damages that flow naturally from the breach. Id. at 516. Consequently, on remand, MCO will be permitted to prove what reasonable costs and attorney’s fees that it incurred in its defense and also the amount of any collateral damages that resulted from the breach. North American Van Lines, Inc. v. Lexington Ins. Co., 678 So.2d 1325 (Fla. 4th DCA 1996); Caldwell v. Allstate Ins. Co., 453 So.2d 1187 (Fla. 1st DCA 1984).
The order appealed is reversed and remanded with directions to the trial court to enter a judgment finding that the insurers owed a duty to defend the DCAD counterclaim and for further proceedings consistent with this opinion.
Reversed and remanded.

. Prior to the scheduled oral argument, MCO and Dade County entered into a settlement agreement whereby Dade County agreed to pay MCO $595,000 in settlement of all pending claims, both sides to bear their own costs and attorney’s fees. However, the question of whether the insurers had a duty to defend MCO is not moot because MCO's entitlement to the attorney's fees and costs incurred in its defense remains at issue.

. The insurers argue that even if the initial complaint triggered a duty to defend, this duty ended when DCAD amended its complaint to include allegations that all the damages resulted from MCO's defective workmanship. We make no determination on this issue, but note that upon remand, the trial court may find that the insurer’s duty to defend did terminate at this point. Florida Physicians Ins. Co. v. Lazenby, 576 So.2d 794 (Fla. 2d DCA 1991).