DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CITIZENS PROPERTY INSURANCE CORPORATION,**
Appellant,

v.

**RISBEL MENDOZA** and **VINCENTE JUBES,**
Appellees.

Nos. 4D16-1302
and 4D17-2286

[July 5, 2018]

Consolidated appeals from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Carlos A. Rodriguez, Judge; L.T. Case No. CACE-14-004455 (14).

Kara Berard Rockenbach and David A. Noel of Link & Rockenbach, P.A., West Palm Beach, and John H. Richards of Boyd Richards Parker & Colonnelli, P.L., Fort Lauderdale, for appellant.

Andrew Barnard and Garrett William Haakon Clifford of Barnard Law Offices, L.P., Miami, for appellees.

GROSS, J.

This is a case where an insurance company denied a homeowner's claim for water damage resulting from a water heater leak, asserting that the damage fell under a policy exclusion. A jury returned a verdict in favor of the homeowner. We reverse the final judgment because the judge improperly instructed the jury about a duty to adjust the claim and how to construe a contract, which transformed the case into a referendum on the quality of the adjuster's performance instead of focusing the jury on the factual issue of whether the loss fell under the policy exclusion.

The insured appellees, Risbel Mendoza and Vincente Jubes ("Insureds"), incurred water damage to their home caused by a water heater leak. The insureds filed a claim with Citizens Property Insurance Corporation, which sent an adjuster to investigate the claim.

Citizens denied the claim pursuant to the policy's constant or repeated seepage or leakage exclusion which provided that Citizens did not insure for loss caused by

> **Constant or repeated seepage or leakage** of water or steam, or the presence or (sic) condensation of humidity, moisture or vapor; which occurs over a period of time, whether hidden or not and results in damage such as wet or dry rot, "fungi," deterioration, rust, decay or other corrosion.

At trial, Citizens offered testimony that the leak in this case was a continued and repeated seepage of water over a long period of time, which fell under the policy exclusion, and not a sudden and accidental discharge of water, for which there would have been coverage.

Over Citizens' objection, the trial judge instructed the jury regarding Citizens' "duty to adjust" the Insureds' claim:

- You are instructed that the law in Florida provides: Every adjuster shall adjust or investigate every claim, damage, or loss made or occurring under an insurance contract in accordance with the terms and conditions of the contract and the applicable loss of the state.

- So getting to those laws of the state, the duty to adjust. Florida administrative codes 69B220.201 is the rule and law which sets forth the ethical requirements in effect during 2013 and '14 which all adjusters are bound by.

- 626.878 rules, Code of Ethics. An adjuster shall subscribe to the code of ethics specified in the rules of the department. The rules shall implement the provisions of this part and specify the terms and conditions of the contracts, including a right to cancel, and require practices as necessary to ensure fair dealing, prohibit conflicts of interest, and ensure preservation of the rights of the claimant to participate in the adjustment of claims.

- The rule states an adjuster shall not approach investigations, adjustments, and settlements in a manner prejudicial to the insured.

- The rule states an adjuster shall make truthful and unbiased reports of the facts after making a complete investigation.

- The rule[] states an adjuster is permitted to interview any witnesses, or prospective witnesses, without the consent of the opposing counsel or party.

The trial court also instructed the jury regarding interpretation of the policy, over Citizens' objection:

- Disputed terms in the contract should be given the meaning used by the people in that trade, business, or technical field unless the parties agree that the disputed term should have another meaning.

- When two exclusions could cover the same loss, the more specific exclusion takes precedence over the general exclusion.

- If relevant policy language is susceptible to more than one reasonable interpretation, one providing for coverage and the other limiting coverage, the ambiguity must be resolved in favor of coverage for the insured.

In their closing argument, the Insureds claimed that the adjuster picked the wrong exclusion to deny their claim, that he should have picked the "more specific" exclusion over the "more general" exclusion, and that he violated the "duty to adjust." They asked the jury to construe the contract:

> And the judge read you the rule. When it comes to specific versus general, you got to go with the specific. The specific controls, just like if you ordered roses for your girlfriend. And they brought back carnations and said hey, they're flowers. No. It doesn't work that way. You order the roses. You get the roses.

The Insureds complained about the way the adjuster denied the claim, asserting that it "was a violation of the ethical responsibilities. It is a violation of the ethical—of the adjuster's law. It is a violation of the contract itself where it says, we will adjust all losses."

The verdict form posed this question to the jury, "Did Citizens[] properly exclude the claim from coverage under the policy?" The jury answered "No" and awarded the insureds $22,000 in damages.[1]

The central fact issue for the jury in this case was whether the Insureds' loss fell under the repeated seepage or leakage exclusion of the policy. If so, there was no coverage; if not, there was coverage. The main problem with the jury instructions and the Insureds' arguments at trial is that the jury could have decided the case solely because the adjuster did not "do a good job" regardless of whether the incident fell within the policy exclusion. The instructions focused on whether the adjuster "properly investigated" or "properly adjusted" the claim and talked about a code of ethics. While such considerations may be appropriate in a bad faith case, they have no place in a simple breach of contract action. *See Citizens Prop. Ins. Corp. v. Calonge*, 43 Fla. L. Weekly D855b (Fla. 3d DCA Apr. 18, 2018) (Rothenberg, J., dissenting). The Insureds were free to criticize the adjuster's conclusions without arguing that he breached a duty or obligation to them. If an adjuster makes a mockery of the code of ethics but the insurance company correctly denies a claim, there is no action for *breach of contract.*

A second problem with the jury instructions is that they tasked the jurors with a job reserved for the judge. The Insureds contended that a different exclusion (Exclusion 1.m.), in the policy trumped the one upon which Citizens relied; they argued that if Citizens were forced to rely exclusively on Exclusion 1.m., then there would have been coverage, because that exclusion applied only to property that had been "vacant" for more than 30 days.

The two exclusions are not in conflict. It was the trial judge's job to so inform the jury or to sustain objections to argument to the contrary. "It is well settled that the construction of an insurance policy is a question of law for the court." *Jones v. Utica Mut. Ins. Co.*, 463 So. 2d 1153, 1157 (Fla. 1985). "However, it is for the jury to determine whether the facts of the case fall within the scope of coverage as defined by the court: '[w]hether a certain set of facts exists to bring a loss to the insured within the terms of a policy is an issue to be determined by the trier of fact.'" *Id.* (quoting *State Farm Fire & Cas. Co. v. Lichtman,* 227 So. 2d 309, 311 (Fla. 3d DCA 1969)).

---

[1] In their initial claim to Citizens, the Insureds said that the estimated cost to repair the damage was $58,151.19.

We also note that the trial court applied the wrong standard in determining that a juror's nondisclosure of a prior insurance lawsuit was not material to jury service in this case. As the Florida Supreme Court stated in *Roberts v. Tejada*, 814 So. 2d 334, 341 (Fla. 2002), a "[n]ondisclosure is considered material if it is substantial and important so that if the facts were known, the defense may have been influenced to peremptorily challenge the juror from the jury." (quoting *Garnett v. McClellan*, 767 So. 2d 1229, 1230 (Fla. 5th DCA 2000)).

The declaratory judgment entered in favor of the Insureds must also be reversed. Citizens never disputed the validity of the contract, and therefore there was no "bona fide, actual, present practical need for the declaration." *Martinez v. Scanlan*, 582 So. 2d 1167, 1170 (Fla. 1991) (citation omitted).

For these reasons, we reverse and remand for a new trial on the breach of contract claim.

GERBER, C.J., and CIKLIN, J., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***