SALTER, J.
Citizens Property Insurance Corporation ("Citizens") appeals non-final orders determining, as a matter of law, that four counts in the complaint filed by the insureds (Marc and Yanelys Sampedro, the "Insureds") are not barred by Citizens' statutory sovereign immunity.[1] The trial court denied Citizens' motion to dismiss the four counts seeking declaratory judgment "under Higgins v. State Farm Fire & Cas. Co., 894 So. 2d 5 (Fla. 2004)." Citizens has not appealed (and jurisdictionally could not appeal, at this juncture) the trial court's determination that the Insureds' separate count for breach of the residential insurance policy may proceed.
We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(xi). Our standard of review on the sovereign immunity issue is de novo. Plancher v. UCF Athletics Ass'n, 175 So. 3d 724, 725 n.3 (Fla. 2015).
We reverse the order below for three independently sufficient reasons.
First, Higgins involved a private insurer (State Farm) lacking any statutory grant of sovereign immunity. The case stands for the unremarkable principle that the declaratory judgment statutes "can be used to decide disputes in respect to insurance policy indemnity coverage and defense obligations," regarding an underlying tort claim and a private insurer. 894 So. 2d at 15. The Insureds, and the four claims under consideration in the present case, do not seek coverage declarations-the claims attempt to assert purported private rights of action that do not exist.
Second, Citizens is not a traditional private insurer. The Florida Legislature conferred powers and duties on Citizens by statute. Citizens may be characterized as a governmentally-created, not-for-profit insurer for eligible property owners otherwise unable to procure a policy in the private marketplace. See Citizens Prop. Ins. Corp. v. Perdido Sun Condo. Ass'n, 164 So. 3d 663, 667 (Fla. 2015) (applying the exceptions to Citizens' statutory sovereign immunity to exclude statutory first-party *746 bad faith claims asserted under another provision of the Florida Insurance Code).
The statute conferring sovereign immunity on Citizens contains only five specific exceptions (subsections 627.351(6)(s)1.a. through 1.e.). The present case involves a claim by the Insureds against Citizens for water damage after a shower pan leak. The Insureds' residential homeowners' policy issued by Citizens and subsection 1.e of the immunity statute expressly allow a breach of contract action (liability in an action "for breach of contract or for benefits under a policy issued by the corporation"). But neither the policy nor the statute authorize creatively-drafted private claims for "breach of the duty to adjust" in other provisions of the Florida Insurance Code.[2]
Third, in a motion for reconsideration filed after the trial court's initial denial of Citizens' motion to dismiss the four counts, Citizens directed the trial court's and the Insureds' attention to the Fourth District's opinion in Citizens Property Insurance Corp. v. Mendoza, 250 So. 3d 716 (Fla. 4th DCA 2018). The Mendoza decision was issued July 5, 2018. The case addressed similar claims for declaratory relief filed by the same law firm representing the Insureds in the present case. The motion for reconsideration bringing the Mendoza decision to the trial court's attention was binding on the trial court in the absence of binding authority from this Court; Pardo v. State, 596 So. 2d 665, 666 (Fla. 1992) ("Thus, in the absence of interdistrict conflict, district court decisions bind all Florida trial courts.").
Citizens filed its eleven-page motion for reconsideration based on Mendoza on July 31, 2018, attaching a copy of the decision. The trial court entered its order denying the motion to dismiss the four counts in question that day. The next day, the trial court denied the motion for reconsideration in an unelaborated order and without a hearing. The Insureds' counsel submitted no responsive memorandum or opposition to Citizens' motion or the Mendoza decision.
The non-final orders denying Citizens' (a) motion to dismiss counts two through five of the Insureds' complaint with prejudice, and (b) motion for reconsideration of the denial based on Mendoza, are reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.

§ 627.351(6)(s), Fla. Stat. (2018). Citizens' appeal included the trial court's separate order denying its motion for reconsideration based on a recently-issued decision of the Fourth District Court of Appeal.

The Florida Insurance Code is extensive, consisting of Chapters 624 to 632, 634 to 636, 641, 642, 648, and 651, Florida Statutes (2018). See § 624.01, Fla. Stat. (2018).