[No. B055665. Second Dist., Div. Six. Oct. 15, 1992.]

HURLEY CONSTRUCTION COMPANY et al., Plaintiffs and Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant and Respondent.

536

## Counsel

Rosoff, Schiffres & Barta, H. Steven Schiffres and Robert M. Barta for Plaintiffs and Appellants.

HIll, Genson, Even, Cradall & Wade, Richard P. Peterson, Horvitz & Levy, Mitchell C. Tilner and Gerald M. Serlin for Defendant and Respondent.

## Opinion

**YEGAN, J.**—Here we hold that an insurance company has no duty to defend a civil action charging the insured with participation in a conspiracy to engage in fraudulent billing practices. We reach this conclusion because the policy limited coverage to third party claims for bodily injury and damage to tangible property.

William Hurley, doing business as Hurley Construction Company (Hurley), appeals from a summary judgment entered in favor of respondent, State Farm Fire and Casualty Company (State Farm), on an action for breach of an insurance contract. Hurley contends the trial court erred when it found that the comprehensive general liability insurance policy issued by State Farm provided no coverage. We disagree and affirm.

Hurley was a general contractor who furnished insurance repair services to the owners of homes and businesses insured by Fireman's Fund Insurance Company (Fireman's Fund). Fireman's Fund filed suit against Hurley for

fraud, negligent misrepresentation, and breach of contract based on the allegation that Hurley conspired with a Fireman's Fund property claims supervisor, Candido, and other contractors to overcharge for the repair and restoration of four properties. (L.A. Super. Ct. No. NWC 29762.)

Paragraph 25 of the complaint, in pertinent part, succintly states Fireman's Fund's theory: "The insurance fraud scheme was a wheel conspiracy to defraud Fireman's Fund. Candido . . . formed the hub of the conspiracy. The remaining defendants . . . [including Hurley] were spokes of the conspiracy and were joint-venturers in the scheme to defraud Fireman's Fund." Hurley allegedly charged inflated prices, paid kickbacks to Candido, performed substandard work, used improper materials, and billed for services never performed.

Hurley tendered defense of the case to State Farm. State Farm denied coverage, prompting Hurley's counsel to send eight demand letters between July and December of 1987. Hurley's counsel believed the Fireman's Fund action could potentially become an action for property damage and bodily injury, thereby triggering coverage. State Farm still denied coverage.

Hurley was required to finance his own defense, which he claims led to his bankruptcy. In 1988 Hurley filed the present action against State Farm alleging separate causes of action for declaratory relief, breach of contract, and breach of implied covenant of good faith and fair dealing.

Attached to Hurley's complaint is a copy of State Farm's comprehensive general liability insurance policy. The insuring clause states that State Farm will pay on behalf of Hurley ". . . all sums which the insured shall become legally obligated to pay as damages because of [¶] A. bodily injury or [¶] B. property damage [¶] to which this insurance applies, caused by an occurrence . . . ." The policy defines an "occurrence" as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured . . . ." "Property damage" is defined to mean the physical injury or destruction of tangible property.

State Farm filed a motion for summary judgment and summary adjudication of issues contending it had no duty to defend because (1) the Fireman's Fund complaint did not seek compensation for property damage or bodily injury, (2) the alleged damages did not arise out of an occurrence as defined by the policy, (3) the policy did not insure against claims for fraud or negligent misrepresentation, and (4) the policy did not insure against claims arising out of contractual obligations.

Hurley opposed the motion, citing the eight demand letters sent to State Farm in 1987. The trial court determined that no triable material facts existed because Hurley admitted all of the facts set forth in State Farm's separate statement of undisputed facts. (Code Civ. Proc., § 437c, subd. (b).) ■ Where, as here, the facts are not in dispute, it is the appellate court's duty to make an independent determination of insurance coverage. (*State Farm Mut. Auto Ins. Co.* v. *Partridge* (1973) 10 Cal.3d 94, 100 [109 Cal.Rptr. 811, 514 P.2d 123].)

■ The premise to Hurley's action against State Farm is that ". . . the insurer must furnish a defense when it learns of facts from *any* source that create the potential of liability under its policy. [Citations.]" (*CNA Casualty of California* v. *Seaboard Surety Co.* (1986) 176 Cal.App.3d 598, 606 [222 Cal.Rptr. 276].) ■ A carrier must defend its insured against a claim ". . . which *potentially* seeks damages within the coverage of the policy." (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 275 [54 Cal.Rptr. 104, 419 P.2d 168].) Although an insurer's duty to defend is broader than the duty to indemnify, the duty to defend depends upon *facts* known to the insurer at the inception of the suit. (*CNA Casualty of Calif.* v. *Seaboard Surety Co.*, *supra*, 176 Cal.App.3d at p. 605, fn. 1; see also *Saylin* v. *California Ins. Guarantee Assn.* (1986) 179 Cal.App.3d 256, 263 [224 Cal.Rptr. 493].)

■ The Fireman's Fund complaint, on its face, alleged no facts showing a potential for coverage. The extraneous "facts" regarding potential liability came from Hurley's counsel who speculated about how Fireman's Fund might amend its complaint at some future date. Hurley, however, misconstrued the concept of "potential liability" as defined by the policy. ■ "We look to the nature and kind of risk covered by the policy as a limitation upon the duty to defend . . . ." (*Gray* v. *Zurich Insurance Co.*, *supra*, 65 Cal.2d at p. 275; see also *Giddings* v. *Industrial Indemnity Co.* (1980) 112 Cal.App.3d 213, 218 [169 Cal.Rptr. 278].)

■ Our Supreme Court, anticipating imaginative counsel and the likelihood of artful drafting, has indicated that a third party is not the arbiter of the policy's coverage. (*Gray* v. *Zurich Insurance Co.*, *supra*, 65 Cal.2d at p. 276; see also *Fire Ins. Exchange* v. *Jiminez* (1986) 184 Cal.App.3d 437, 443, fn. 2 [229 Cal.Rptr. 83].) A corollary to this rule is that the insured may not speculate about unpled third party claims to manufacture coverage.

Here, the trial court reasonably concluded that the action filed by Fireman's Fund involved no potential claim for property damage or bodily

injury. We too are unwilling to characterize the straightforward provisions of the policy to find coverage where none exists. (*Nichols* v. *Great American Ins. Companies* (1985) 169 Cal.App.3d 766, 778 [215 Cal.Rptr. 416].)

The underlying complaint alleged that Hurley conspired with Fireman's Fund's own claims supervisor to defraud Fireman's Fund from 1983 and 1986. These allegations, read in connection with the insuring and exclusionary clauses in the State Farm policy, preclude coverage. Our conclusion is based on two interrelated coverage factors.

First, the insuring clause limited coverage to an accidental "occurrence." This was the triggering event. No duty to defend arose unless the third party claim involved an "occurrence" neither expected nor intended from the standpoint of the insured. (*Giddings* v. *Industrial Indemnity Co.*, *supra*, 112 Cal.App.3d 213, 219; *Economy Lumber Co.* v. *Insurance Co. of North America* (1984) 157 Cal.App.3d 641, 647-648 [204 Cal.Rptr. 135].) Since the Fireman's Fund complaint was predicated on the allegation that Hurley conspired to engage in fraudulent billing practices, none of the damages asserted arose from an accidental "occurrence" within the meaning of the insuring clause. "An intentional act is not an 'accident' within the plain meaning of the word. [Citations.]" (*Royal Globe Ins. Co.* v. *Whitaker* (1986) 181 Cal.App.3d 532, 537 [226 Cal.Rptr. 435], fn. omitted.) Any insured who participates in a conspiracy to defraud, as here alleged, cannot reasonably expect insurance coverage based upon the intentionally created "occurrence."

Second, the policy limited coverage to property or bodily injury damages. The Fireman's Fund complaint only sought economic and punitive damages. It sought no damages for bodily injury or destruction of tangible property owned by Fireman's Fund. Since the insuring clause was limited to third party claims for bodily injury and property damage, Hurley had no reasonable expectation of coverage. (*Giddings* v. *Industrial Indemnity Co.*, *supra*, 112 Cal.App.3d at p. 219; *Fresno Economy Import Used Cars, Inc.* v. *United States Fid. & Guar. Co.* (1977) 76 Cal.App.3d 272, 279 [142 Cal.Rptr. 681].)

■ Alternatively, Hurley argues that the Fireman's Fund complaint was a subrogation action in disguise. No facts, however, were alleged to suggest that Fireman's Fund was attempting to recover money paid its insureds for property damages or personal injuries. (*Caito* v. *United California Bank* (1978) 20 Cal.3d 694, 704 [144 Cal.Rptr. 751, 576 P.2d 466].) After three years of litigation, Hurley produced no discovery, declarations, or pleadings to support his belief that Fireman's Fund was pursuing a phantom subrogation claim.

We also reject the argument that Hurley's self-serving letters to State Farm bridged the coverage gap. State Farm reasonably concluded that it had no duty to defend until the property owners filed their own actions for property damages or personal injuries. Hurley's August 21, 1987, and September 15, 1987, demand letters conceded as much. Both letters noted that State Farm, consistent with the policy issued to Hurley, was defending him in an Orange County action filed by Fireman's Fund insureds, Edward and Sally Pinchot. The fact that State Farm honored its policy to defend Hurley on the Pinchot claim does not mean that it was also obligated to defend against the fraud action filed by Fireman's Fund in Los Angeles County.

■ Hurley, however, argues that the Fireman's Fund action could have involved a breach of warranty claim because he allegedly used substandard materials and failed to complete the repairs in a workmanlike manner. He cites the breach of warranty exception in the exclusion section of the policy which states: "This insurance does not apply: [¶] (a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner . . . ."

Ordinarily, an exception to a policy exclusion does not create coverage not otherwise available under the coverage clause. (*St. Paul Fire & Marine Ins. Co.* v. *Coss* (1978) 80 Cal.App.3d 888, 896 [145 Cal.Rptr. 836].) Here, the warranty language appearing in the exclusions section of the policy covered only bodily injury or property damage resulting from a defective product or poor workmanship. (*Fresno Economy Import Used Cars, Inc.* v. *United States Fid & Guar. Co., supra,* 76 Cal.App.3d at p. 281.)

Any attempt to bootstrap coverage based on the breach of warranty exception is specious. Unlike the facts presented in *Economy Lumber Co.* v. *Insurance Co. of North America, supra,* 157 Cal.App.3d at page 649, Hurley did not seek indemnification after settling the third party property damage claims. Moreover, Hurley concedes that all repair work was performed for the property owner, not Fireman's Fund. If so, Fireman's Fund could not assert a claim for breach of warranty since it purchased no materials or services. (*Aced* v. *Hobbs-Sesack Plumbing Co.* (1961) 55 Cal.2d 573, 580 [12 Cal.Rptr. 257, 360 P.2d 897]; 3 Witkin, Summary of Cal. Law (9th ed 1987) Sales, § 52, p. 48.)

■ Finally, Hurley argues that no competent evidence was presented to support the summary judgment. He asserts that the supporting declaration of

State Farm's attorney was inadmissible and lacked foundation. The argument is without merit. Hurley admitted each of the facts listed in State Farm's separate statement of undisputed facts. In doing so, he waived any objection to the exhibits, discovery responses, and deposition testimony which formed the evidentiary basis of State Farm's separate statement. (See *United Community Church* v. *Garcin* (1991) 231 Cal.App.3d 327, 336-337 [282 Cal.Rptr. 368].)

In sum, no triable issue of material fact was presented because the potential for recovery was limited to intangible economic interests and property rights. (*Warner* v. *Fire Ins. Exchange* (1991) 230 Cal.App.3d 1029, 1036 [281 Cal.Rptr. 635].) By no stretch of the imagination can a civil action for conspiracy to engage in fraudulent billing practices be deemed to be a claim for accidental bodily injury or property damage. (*Allstate Ins. Co.* v. *Interbank Financial Services* (1989) 215 Cal.App.3d 825, 830-831 [264 Cal.Rptr. 25].) "One who purchases an insurance policy against liability for [bodily injury or] property damage due to accident cannot reasonably expect to obtain coverage for consequences clearly outside the scope of the definition of accident." (*Hogan* v. *Midland National Ins. Co.* (1970) 3 Cal.3d 553, 561 [91 Cal.Rptr. 153, 476 P.2d 825].)

The summary judgment is affirmed. State Farm is awarded costs on appeal.

Stone (S. J), P. J., and Gilbert, J., concurred.