Jon–Marc DOBRIN, et al., Plaintiffs,

v.

ALLSTATE INSURANCE CO.,
et al., Defendants.

No. CV 94–6883 WJR.

United States District Court,
C.D. California.

Sept. 8, 1995.

Sedgwick, Detert, Moran & Arnold, John E. Feeley and Richard Wm. Zevnik, Irvine, CA, for defendant.

Law Offices of Peter Szabadi, Peter Szabadi, Los Angeles, CA, for plaintiff Law Offices of Jon–Marc Dobrin, a professional corporation.

Law Offices of Jon–Marc Dobrin, a professional corporation, Frank E. Hagie, Jr., San Francisco, CA, for plaintiff Jon–Marc Dobrin.

## MEMORANDUM OPINION

REA, District Judge.

Cross-motions for summary judgment as to whether defendant Allstate Ins. Co. had a duty to defend plaintiffs Jon–Marc Dobrin and Jon–Marc Dobrin, A Professional Corporation came on for hearing before the Court, the Honorable William J. Rea, Judge, presiding, on April 24, 1995. After reviewing the papers submitted in support of and in opposition to the motions, the file in this case, and the applicable authorities, the Court finds that defendant Allstate Ins. Co. had a duty to defend plaintiffs Jon–Marc Dobrin and Jon–Marc Dobrin, A Professional Corporation.

### I. Background

This action arises from an insurance coverage dispute between defendant Allstate Insurance Company ("Allstate") and one of Allstate's insureds, The Law Offices of Jon–Marc Dobrin and Jon–Marc Dobrin (collectively "Dobrin").

Dobrin and G. Emmett Raitt ("Raitt") were law partners under the name of Raitt & Dobrin. The partnership dissolved in 1991. In 1992, Dobrin sued Raitt for claims relating to the dissolution. Raitt filed a cross-complaint against Dobrin in 1993 alleging, *inter alia,* various deeds of misconduct by Dobrin during the dissolution. Paragraph

21(i) of Raitt's cross-complaint alleges that Dobrin breached his fiduciary duty

> [by] actively soliciting existing clients of R & D prior to April 1, 1991, to deliver their files to cross-defendants, and each of them, and, on information and belief, misrepresenting the nature and circumstance of the dissolution of R & D to such clients and the role played by GER therein, in an attempt to divert clients from GER and RM & P to cross-defendants[.]

Raitt's cross-complaint at paragraph 55 provides:

> As a proximate result of the aforementioned acts, GER suffered humiliation, mental anguish, emotional and physical distress, and has been injured in his mind and body[.]

Dobrin believes that Raitt's cross-complaint alleges facts that support a claim for libel, slander or the publication of material damaging to Raitt's reputation. Accordingly, Dobrin requested Allstate to defend him against the Raitt cross-complaint pursuant to the insurance policy provision that states Allstate will defend Dobrin against

> any suit brought against persons insured seeking damages to which this Part applies, even if the allegations in the suit are groundless, false or fraudulent.

The language "to which this Part applies" refers to, in part, coverage for "all sums which [the insured] become[s] legally obligated to pay as damages arising out of an accidental event, personal injury or advertising injury that occurs while this policy is in effect." The policy defines "personal injury" as being, *inter alia*, acts committed in the course of your business that give rise to a claim for "[l]ibel, slander or the publication of any material damaging to anyone's reputation."

Allstate denied Dobrin's request on the ground that Raitt's cross-complaint did not allege personal injury.

On March 18, 1993, Dobrin requested that Allstate reconsider its position regarding Dobrin's tender of defense. At that time, Allstate referred the claim to its coverage counsel, James Bullard, of Bullard & Olin, for a coverage opinion.

Bullard contacted Raitt, who stated that he did not sustain any bodily injury and that he was not seeking damages for libel, slander, defamation or invasion of the right of privacy. Bullard informed Allstate that it should reiterate its denial of coverage based on the information he received. Allstate accepted Bullard's recommendation. Consequently, Dobrin settled the Raitt action and subsequently brought the above-captioned action against Allstate for refusing to defend Dobrin against the Raitt cross-complaint.

## II. The Duty to Defend

The insurer "must provide a defense if the claim brought against the insured raises the potential for covered losses ... or if ambiguous language in the policy leads the insured reasonably to expect that a defense will be provided." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1364 (9th Cir.1991) (citation omitted).

The California Supreme Court recently reiterated the principles governing adjudication of the insurer's duty to defend in *Montrose Chemical Corp. v. Superior Ct.*, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (1993).

In *Montrose*, the court emphasized that the insurer must defend the insured against a suit which potentially seeks damages within the coverage of the policy. *Id.* at 295, 24 Cal.Rptr.2d 467, 861 P.2d 1153. The Court added that "we recognized that the insured is entitled to a defense if the underlying complaint alleges the insured's liability for damages potentially covered under the policy, or if the complaint might be amended to give rise to a liability that would be covered under the policy."[1] The Court should consider

---

1. The California Supreme Court affirmed its earlier decision in *Gray v. Zurich Ins. Co.*, 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966). In *Gray*, the court indicated that it is irrelevant whether the complaint specifically alleges a cause of action and that the test is "whether the facts alleged do fairly apprise the insurer that plaintiff is suing the insured upon an occurrence which, if his allegations are true, gives rise to liability of insurer to insured under the terms of the policy." *Id.* at 275, 54 Cal.Rptr. 104, 419 P.2d 168 (citations omitted).

Additionally, although specific allegations are not required to determine that the insurer must defend against potential liability, the insured may

whether the complaint alleges a claim that is "of the nature and kind covered by the policy," *id.* at 302, 24 Cal.Rptr.2d 467, 861 P.2d 1153 (citation omitted), and whether a "reasonable construction of the claim could potentially bring it within the coverage of the policy." *Id.* "Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." *Id.* at 299–300, 24 Cal.Rptr.2d 467, 861 P.2d 1153.

The *Montrose* court also considered the question whether extrinsic evidence may be relied upon by the insurer in determining that coverage does not exist. After discussing the apparent conflict amongst the California Court of Appeals, the Court stated that "where extrinsic evidence establishes that the ultimate question of coverage can be determined as a matter of law on undisputed facts, we see no reason to prevent an insurer from seeking summary adjudication that no potential for liability exists and thus that it has no duty to defend." 6 Cal.4th at 298, 24 Cal.Rptr.2d 467, 861 P.2d 1153.

### III. The Case At Bar

■ Dobrin recognizes that Raitt did not specifically state "libel," "slander," or "publication of material damaging to one's reputation" as one of the causes of action. Nonetheless, Dobrin argues that the factual allegations demonstrate that the breach of fiduciary duty claim is premised on the claim that Dobrin misrepresented the nature of the dissolution in order to divert clients away from Raitt, thus causing Raitt damage to his business reputation. Consequently, a potential claim for personal injury as defined under the policy exists.

Allstate argues in opposition to such contention that the cross-complaint does not sufficiently apprise Allstate of the possibility that a cause of action for libel, slander, or damage to reputation may be maintained or that such cause of action potentially exists.

Raitt's cross-complaint, however, states facts that would support an allegation of damage to Raitt's business reputation or to his occupation. In addition to alleging "mis-

representation," pre-trial discovery revealed that Raitt stated that his "understanding was that Jon had told clients of the firm that [Raitt] either was leaving or had left the firm, which was untrue; that the firm Raitt & Dobrin, a professional corporation would continue on through Jon–Marc, which was untrue." Raitt's Deposition at 27.

During his deposition, Raitt was asked if he believed that comments made by Dobrin impaired Raitt in his professional occupation as an attorney, to which Raitt responded, "[a]t the time I drafted the cross-complaint, I wasn't certain." But, when Raitt was asked, "was there a potential when you drafted the cross-complaint that those statements that you believed were untrue by Mr. Dobrin could in fact injure you in your business as a professional attorney," Raitt clearly answered "Yes." *Id.* at 27–29.

■ Moreover, Raitt admits that he did what he could to avoid alleging a personal injury that would require Allstate to defend Dobrin. Raitt "drafted the cross-complaint specifically so that there would be no coverage." Raitt deposition at 9. Allstate argues that it is permitted to rely on Raitt's statement that he did not intend to amend his cross-complaint in determining that the possibility of coverage under the policy does not exist. As a matter of policy, however, the insurer cannot avoid coverage simply because the complainant seeks a tactical advantage in the lawsuit. The facts here clearly demonstrate that Raitt may have changed his mind and amended his cross-complaint at any time to allege such causes of action. It also is possible to prove such causes of action at trial and then seek leave to amend the cross-complaint to conform it to the evidence adduced at trial.

A mere statement by the complainant that he does not intend to make such a claim is insufficient to establish as a matter of law that such a claim does not exist. Only in the absence of facts supporting such a claim could Allstate have relied upon such extrinsic information.

"not speculate about unpled third party claims to manufacture coverage." *Hurley Construction*

*Co. v. State Farm Fire & Casualty Co.,* 10 Cal. App.4th 533, 538, 12 Cal.Rptr.2d 629 (1992).

 

The Court also notes that Raitt's cross-complaint is based on the same set of operative facts as Dobrin's complaint and Allstate agreed to defend Raitt, to a limited extent. Thus, Allstate should have been aware that Raitt's claims raise the potential for a claim for personal injury.

Based on the foregoing, the Court finds that Allstate had a duty to defend Dobrin against Raitt's cross-complaint.

IT IS SO ORDERED.