Filed 9/26/13  Mercury Casualty v. Noll CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MERCURY CASUALTY COMPANY,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDREW THOMAS NOLL,<br><br>Defendant and Appellant. | H036307<br>(Santa Clara County<br>Super. Ct. No. CV145525) |

Andrew Thomas Noll appeals a judgment of the trial court wherein it found Respondent Mercury Casualty Company's (Mercury's) insurance policy did not cover personal injuries that occurred during a bar fight between Mr. Noll and Kyle Cancimilla. On appeal, Mr. Noll asserts the trial court erred in limiting coverage under Mercury's insurance policy, and that damages caused by Mr. Cancimilla during the fight with Mr. Noll should be covered.

### STATEMENT OF THE FACTS AND CASE

On December 7, 2006, Mr. Cancimilla was involved in a physical altercation with Mr. Noll at a bar called "The Hut" in Santa Clara, California.  Mr. Noll was at the bar with a group of friends to celebrate his upcoming graduation from San Jose State University.  At the same time, Mr. Cancimilla was also at the bar with another group of San Jose State football players who were several inches taller and 30 to 40 pounds

heavier than Mr. Noll. Mr. Cancimilla and the other football players were at the bar to celebrate the end of the football season.

By 12:45 a.m., Mr. Noll had consumed about 10 drinks, and was very intoxicated. Mr. Cancimilla had consumed three 24-ounce beers, which was enough to cause his judgment to be impaired. At the time, Mr. Noll and Mr. Cancimilla were waiting to use the men's room, and disagreed about whose turn it was to enter. The disagreement involved foul language but no threats of physical violence. Mr. Cancimilla testified that Mr. Noll pushed him in the elbow and shoulder on the way into the men's room. Mr. Noll testified that he put his hand out to signal that he was going into the men's room. In the process of doing so, Mr. Noll may have touched Mr. Cancimilla, but testified that it was not done in a threatening manner.

Mr. Noll went into the men's room, and began using the urinal. Mr. Cancimilla followed him, and stood near Mr. Noll demanding an apology because he thought Mr. Noll cut in line. Mr. Noll did not apologize.

According to Mr. Noll, after he refused to apologize, Mr. Cancimilla began hitting him. Mr. Cancimilla testified that he struck Mr. Noll in self-defense, because he feared Mr. Noll would strike him first. Mr. Cancimilla thought Mr. Noll had taken an aggressive stance, shoved him in the shoulder and balled his fists. Mr. Cancimilla hit Mr. Noll several times before a friend pulled him away.

Mr. Noll was seriously injured from the altercation with Mr. Cancimilla. He suffered fractures to his nose and his left orbital bone, which needed plastic surgery including titanium plates and mesh to repair. Mr. Noll also sustained damage to his infraorbital nerve, leaving his facial muscles weak and his face and parts of his mouth numb.

Mr. Noll sued Mr. Cancimilla alleging two counts of negligence, one count of false imprisonment, and two counts of assault and battery in *Noll v. Cancimilla*. One of

2

the negligence counts alleged Mr. Cancimilla lacked the intent to harm Mr. Noll because he was intoxicated. The other count alleged that Mr. Cancimilla believed that Mr. Noll was going to harm him, and used greater force than necessary in self-defense. The false imprisonment claim alleged Mr. Noll was harmed as a result of Mr. Cancimilla blocking the path out of the men's room.

Mr. Cancimilla qualified as an insured under his parents' Mercury Insurance Policy, which includes coverage for personal liability. Mercury provided a defense to Mr. Cancimilla in the *Noll v. Cancimilla* action, and provided independent *Cumis*[1] counsel to Mr. Cancimilla. Before trial in the Noll *v. Cancimilla* action, Mercury brought this declaratory relief action against its insured, Mr. Cancimilla. Ultimately, Mr. Cancimilla, Mr. Noll, and Mercury entered into a settlement of the *Noll v. Cancimilla* action that provided for a stipulated judgment in favor of Mr. Noll and against Mr. Cancimilla for $125,000. Mr. Noll agreed not to execute on the judgment against Mr. Cancimilla personally. In addition, Mr. Noll agreed that the Mercury policy would be the only source of compensation for his injuries. Mercury agreed to pay Mr. Noll $10,000 of the $125,000 of the stipulated judgment immediately, and to proceed with the declaratory relief action. If the result of the declaratory relief action requires Mercury to indemnify Mr. Cancimilla for the judgment, Mercury will pay Mr. Noll the remaining $115,000. If Mercury has no duty to indemnify, Mercury will not have further obligation to Mr. Noll beyond the $10,000 it already paid.

The court conducted a bench trial on the declaratory relief action based on stipulated facts and evidence. The court found that Mercury had no duty to indemnify Mr. Cancimilla, because Mr. Noll failed to prove that his injuries were the result of an "occurance" under the liability policy. Mr. Noll filed a notice of appeal.

_____

[1] *San Diego Federal Credit Union v. Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358.

DISCUSSION

The question on appeal is whether Mercury must indemnify Mr. Cancimilla for the damages he inflicted upon Mr. Noll during the altercation at the bar.

Interpretation of an insurance policy is a question of law reviewed de novo. (*Powerine Oil Co., Inc. v. Superior Court* (2005) 37 Cal.4th 377, 390.)  We uphold the trial court's findings of fact if they are supported by substantial evidence.  (*Wausau Underwriters Ins. Co. v. Unigard Security Ins. Co.* (1998) 68 Cal.App.4th 1030, 1038.)

This case presents a question of coverage under a liability insurance policy.  The Supreme Court has restated the approach courts must take to coverage questions under such policies:  "[T]he insuring agreement . . . states the risk or risks covered by the policy, and the exclusion clauses . . . remove coverage for risks that would otherwise fall within the insuring clause.  [Citation.]  Before 'even considering exclusions, a court must examine the clause provisions to determine whether a claim falls within [the policy terms].'  [Citation.]  'This is significant for two reasons.  First, " . . . when an occurrence is clearly not included within the coverage afforded by the insuring clause, it need not also be specifically excluded." '  [Citation.]  (*Waller v. Truck Ins. Exchange, Inc*. (1995) 11 Cal.4th 1, 16.)

" 'Second, although exclusions are construed narrowly and must be proven by the insurer, the burden is on the insured to bring the claim within the basic scope of coverage, and (unlike exclusions) courts will not indulge in a forced construction of the policy's insuring clause to bring a claim within the policy's coverage.'  [Citation.]  Accordingly, the insured has the burden of showing that there has been an 'occurrence' within the terms of the policy." (*Waller v. Truck Ins. Exchange, Inc., supra*, 11 Cal.4th 1, 16.)

The coverage provision in the Mercury insurance policy provides the following for personal liability:  "If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this

4

coverage applies, we will: [¶] 1. pay up to our limit of liability for the damages for which the insured is legally liable; . . ." [¶] The term 'occurrence' is defined in the policy as follows: [¶] 12. 'Occurrence' means an accident, which first happens or commences during the policy period and which results in bodily injury or property damage which first happens or first commences during the policy period."

The exclusions in the policy provide that the coverage outlined above does "not apply to **bodily injury** or **property damage**: [¶] a. which is expected or intended by one or more insureds even if the **bodily injury** or **property damage**: [¶] (1) is a different kind, quality or degree than expected or intended; or [¶] (2) is sustained by a different person or entity than expected or intended. [¶] However, this does not apply to bodily injury resulting from the use of reasonable force by one or more insureds to protect persons or property."

The term "accident" is not defined in the Mercury policy, however, it has been clearly defined by our Supreme Court in *Delgado v. Interinsurance Exchange of Automobile Club of Southern California* as follows: "In the context of liability insurance, an accident is ' "an unexpected, unforeseen, or undesigned happening or consequence from either a known or an unknown cause." ' [Citations] 'This common law construction of the term "accident" becomes part of the policy and precludes any assertion that the term is ambiguous.' " (*Delgado v. Interinsurance Exchange of Automobile Club of Southern California* (2009) 47 Cal.4th 302, 308 (*Delgado*).)

The dispute in this case relates to the question of whether Mr. Cancimilla's conduct was an "accident" within the meaning of the liability policy. Mr. Noll asserts Mr. Cancimilla's actions were an "accident," because they were motivated by a mistaken belief in the need for self-defense and not for the purpose of harming Mr. Noll. This is similar to *Delgado* in which the injured party argued that because the insured's assault and battery was motivated by an unreasonable belief in the need for self-defense, the act

5

fell within the policy's definition of "accident."  From the perspective of the injured party in *Delgado*, the assault was unexpected and unforeseen because of the provocative act by the injured party.  (*Delgado, supra,* 47 Cal.4th at pp. 311, 314.)  Our Supreme Court rejected that argument, noting, among other things, that "an injury-producing event is not an 'accident' within the policy's coverage language when all of the acts, the manner in which they were done, and the objective accomplished occurred as intended by the actor" and that an insured's mistake of law or fact could not transform a knowingly and purposefully inflicted harm into an accidental injury.  (*Id.,* at pp. 311-312.)  The Court concluded "an insured's unreasonable belief in the need for self-defense does not turn the resulting purposeful and intentional act of assault and battery into an 'accident' within the policy's coverage clause."  (*Id.,* at p. 317.)

Mr. Noll argues at length on appeal that Mr. Cancimilla's actions of repeatedly punching Mr. Noll and barring him from leaving the men's bathroom at the bar were an "accident," because he mistakenly believed he needed to defend himself, and did not intend to cause the harm to Mr. Noll that resulted from his conduct.   He asserts that Mr. Cancimilla's negligence in believing in a need for self defense, as well as his negligence in being intoxicated at time, makes his actions unintentional, and therefore, an "accident."

In considering whether the conduct in this case was an "accident" we look at Mr. Cancimilla's "injury-producing acts," and whether he had the intent to commit the acts, *not* whether he had the *intent to cause harm*.  (See *Delgado, supra*, 47 Cal 4th at p. 315; *Collin v. American Empire Ins. Co.* (1994) 21 Cal.App.4th 787, 810.)  Thus, intentional conduct is not an accident regardless of whether the insured intended the harm resulting from that conduct. (*Id.* at pp. 810–811; see also *Fire Ins. Exchange v. Superior Court* (2010) 181 Cal.App.4th 388, 392 ["Where the insured intended all of the acts that

6

resulted in the victim's injury, the event may not be deemed an 'accident' merely because the insured did not intend to cause injury."].)

Here, although Mr. Noll refers to Mr. Cancimilla's actions as negligence, the evidence from the stipulated facts is clear that Ms. Cancimilla intentionally punched Mr. Noll a number of times. The law is clear that the fact that Mr. Cancimilla was mistaken about his need to use force in self-defense, was intoxicated, and did not intend to harm Mr. Noll is immaterial to a determination of whether his conduct was an "accident." Mr. Cancimilla's conduct was intentional, and therefore, it does not fall within the coverage provisions of the liability policy.

Moreover, Mr. Noll's allegation of false imprisonment is also not an accident within the meaning of the policy. Although false imprisonment is an intentional tort because it entails an intentional act resulting in confinement, it can arise through negligence. (*Lyons v. Fire Ins. Exchange* (2008) 161 Cal.App.4th 880, 888.) Mr. Noll asserts the false imprisonment in this case was a result of Mr. Cancimilla's negligence, because Mr. Cancimilla was intoxicated and did not intend to harm Mr. Noll. " ' "Under California law, the term ['accident'] refers to *the nature of the insured's conduct, not his state of mind.*" [Citation.] "Negligent" or not, . . . the insured's conduct alleged to have given rise to claimant's injuries is necessarily nonaccidental, not because any "harm" was intended, but simply because the conduct could not be engaged in by "accident." ' " [Citation.] (*Id*. at p. 889.)

Mr. Noll argues the exception to the intentional acts exclusion for "bodily injury resulting from the use of reasonable force by one or more insureds to protect persons or property," as stated in the policy allows coverage in this case. This assertion is contrary to the law. An "exception to a policy exclusion does not create coverage not otherwise available under the coverage clause." (*Hurley Construction Co. v. State Farm Fire & Casualty Company Co.* (1992) 10 Cal.App.4th 533, 540.)

7

Here, Mr. Cancimilla's conduct of beating and injuring Mr. Noll in the men's room of the bar was not an "accident" within the meaning of the Mercury Insurance Policy, regardless of his mistaken belief in the need for self-defense, or the fact that he did not intend to harm Mr. Noll. Mercury has no duty to indemnify Mr. Cancimilla.

**DISPOSITION**

The judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
BAMATTRE-MOUNKIAN, J.

8