SPAULDING DECON, LLC a Florida limited liability company, and Laura Spaulding, an individual, Plaintiffs,

v.

CRUM & FORSTER SPECIALTY INSURANCE COMPANY, an Arizona Corporation, Defendant.

Case No. 8:15–cv–1463–T–33TBM

United States District Court, M.D. Florida, Tampa Division.

Signed 01/29/2016

Lisa A. Oonk, Lisa A. Oonk, PA, Palm Harbor, FL, David A. Gauntlett, Gauntlett & Associates, Irvine, CA, for Plaintiffs.

David Alan Wagner, Thornton, Davis & Fein, PA, Miami, FL, Peter John Grilli, Peter J. Grilli, PA, Tampa, FL, for Defendant.

### ORDER

VIRGINIA M. HERNANDEZ COVINGTON, UNITED STATES DISTRICT JUDGE

This cause is before the Court on Plaintiffs Spaulding Decon, LLC and Laura Spaulding's Motion for Partial Summary Judgment on Defendant's Duty to Defend filed on August 4, 2015. (Doc. # 8). Also before the Court is Defendant Crum & Forster Specialty Insurance Company's Motion for Summary Judgment on Defendant's Duty to Defend filed on November 24, 2015. (Doc. # 37). The parties filed their respective responses in opposition. (Doc. # # 30, 39). Spaulding[1] filed a reply on November 5, 2015. (Doc. # 35). Crum & Forster filed a reply on January 18, 2016. (Doc. # 44). After due consideration and for the reasons that follow, Spaulding's Motion for Partial Summary Judgment is denied, and Crum & Forster's Motion for Summary Judgment is granted.

---

1. Throughout this Order, the Court will refer to Spaulding Decon LLC and Laura Spaulding collectively as Spaulding.

### I. *Background*

In October 2010, Meth Lab Cleanup, LLC commenced a trademark and intellectual property infringement action against Spaulding in *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC and Laura Spaulding,* Case No. (M.D.Fla.2010)(Trademark Case) (Doc. 1–2 at ¶¶ 7–8). In that matter, Meth Lab Cleanup claimed that Spaulding was inappropriately using Meth Lab Cleanup's intellectual property including its protected "Meth Lab Cleanup" service marks to market and promote Spaulding's competing meth lab cleanup business. (Id.). In January of 2011, the parties settled the trademark and intellectual property action. As part of the settlement, the parties entered into a Confidential Settlement Agreement.

On December 16, 2014, Meth Lab Cleanup then filed a second lawsuit against Spaulding, *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC and Laura Spaulding,* Case No. 8:14–cv–3129–T–30TBM (M.D.Fla.2014)(the Meth Lab suit). In this lawsuit, Meth Lab Cleanup alleges a single cause of action against Spaulding for breach of the Confidential Settlement Agreement. The Meth Lab suit complaint states the following:

> 16. Paragraph 13 of the Terms of the Confidential Settlement Agreement specifically forbids Defendants from **disparaging** Plaintiff.

> 22. Defendants breached ... the Confidential Settlement Agreement by urging the American Bio Recovery Association to institute cancellation proceedings against Plaintiff's trademark registrations.

23. Defendants breached ... the Confidential Settlement Agreement by **disparaging** Plaintiff and by assisting Bio Clean, Inc. and Theresa Borst to engage in and perform acts which are likely to injure Plaintiff, Plaintiffs [sic] Intellectual Property, and Plaintiff's business reputation and goodwill through the counterclaims in the lawsuit, Meth Lab Cleanup, LLC v. Bio Clean, Inc. and Theresa Borst (Case No. 2:14–cv–01259–RAJ, U.S. District Court for the Western District of Washington at Seattle) and by filing a Petition to Cancel Plaintiff's trademarks with the USPTO.

24. Defendants breached ... the Confidential Settlement Agreement by offering their services under the URL www. methlabservices.com....

29. Plaintiff suffered damages caused by ... Defendants, including loss of reputation, lost profits, and loss of customers and future customers.

(Doc. # 1–2 at 79–80)(emphasis added). Spaulding has denied and defended against the allegations in the Meth Lab suit alleging breach of the Confidential Settlement Agreement. Spaulding asserts that the allegations in the Meth Lab suit complaint for breach of the Confidential Settlement Agreement triggers the duty to defend under the language of Crum & Forster's policy. (Doc. # 1 at 6–7).

Thereafter, on January 5, 2015, Spaulding notified Crum & Forster of the Meth Lab suit for breach of the Confidential Settlement Agreement brought by Meth Lab Cleanup. (Doc. # 1 at ¶ 12). In a letter dated April 16, 2015, Crum & Forster denied Spaulding coverage under the policy stating, "it is Crum & Forster Specialty's determination that there is no coverage for any of the claims alleged in the [Meth Lab] complaint." (Doc. # 1–2 at 130).

After receiving the letter denying coverage from Crum & Forster, Spaulding initi-

ated this declaratory judgment action seeking a determination of whether Crum & Forster owes Spaulding a duty to defend in the breach of the Confidential Settlement Agreement action. (Doc. # 1 at 1). Spaulding alleges it is owed a defense in the Meth Lab suit under a commercial general liability policy issued by Crum & Forster with effective dates of July 22, 2014, to July 22, 2015. (*Id.* at ¶ 3). The policy provides coverage for "personal and advertising injury" arising out of an "offense" committed during the policy period and defense of suits seeking damages because of the personal and advertising injury. (Doc. # # 1, 1–2). Specifically, the Crum & Forster Policy provides:

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of **"personal and advertising injury"** to which this insurance applies. We will have the right and duty to defend the insured against **any "suit" seeking those damages.** However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

(Doc. # 1–2 at 20). The policy also contains exclusions.

**2. Exclusions**

**f. Breach of Contract**

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement".

. . . .

**i. Infringement of Copyright, Patent, Trademark, or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. However,

this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

. . . .

I. **Unauthorized Use of Another's Name or Product**
"Personal and advertising injury" arising out of the unauthorized use of another's name of product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

(Doc. # 1–2 at 21).

SECTION V–Definitions

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or **disparages** a person's or organization's goods, products or services. . . .

(Doc. # 1–2 at 27, 29).

II. *Legal Standard*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir.1996) (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir.1993)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods,*

*Inc.,* 121 F.3d 642, 646 (11th Cir.1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir.2004) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "When a moving party has discharged its burden, the nonmoving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593–94 (11th Cir.1995) (citing *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. *Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1164 (11th Cir.2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. *Samples ex rel. Samples v. City of Atlanta,* 846 F.2d 1328, 1330 (11th Cir.1988) (citing *Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau,* 835 F.2d 855, 856 (11th Cir.1988)). However, if the nonmovant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. *Morris v. Ross,* 663 F.2d 1032, 1034 (11th Cir.1981).

III. *Analysis*

A. *Duty to Defend*

 As this case is before the Court under its diversity jurisdiction, Florida law

governs the interpretation of the applicable insurance policy. (Doc. # # 8 at 3–4; 30 at 8). In Florida, "the general rule is that an insurance company's duty to defend an insured is determined solely from the allegations in the complaint against the insured, not by the actual facts of the cause of action against the insured, the insured's version of the facts or the insured's defenses." *Amerisure Ins. Co. v. Gold Coast Marine Distribs., Inc.,* 771 So.2d 579, 580 (Fla. 4th DCA 2000). "If the allegations in the complaint state facts bringing the injury within the policy's coverage, the insurer must defend regardless of the merit of the lawsuit." *Smith v. Gen. Accident Ins. Co. of Am.,* 641 So.2d 123, 124 (Fla. 4th DCA 1994). Additionally, any doubt about the duty to defend must be resolved in favor of the insured. *See Marr Invs., Inc. v. Greco,* 621 So.2d 447, 449 (Fla. 4th DCA 1993). However, "[c]onclusory 'buzz words' unsupported by factual allegations are not sufficient to trigger coverage." *State Farm Fire & Cas. Co. v. Steinberg,* 393 F.3d 1226, 1230 (11th Cir.2004)(citing *Amerisure,* 771 So.2d at 582).

Spaulding argues the Meth Lab suit complaint alleges facts implicating "personal and advertising injury" coverage under the policy, thereby triggering Crum & Forster's obligation to defend Spaulding. (Doc. # # 8 at 2; 35 at 8; 39 at 1–4). In contrast, Crum & Forster asserts that the Meth Lab suit complaint does not allege facts implicating coverage under the policy, or even potentially covered under the policy, therefore it has no duty to defend. (Doc. # # 30 at 46; 37 at 11–16; 44 at 2). The Court's analysis focuses on the language of Crum & Forster's policy vis-à-vis the Meth Lab suit complaint.

Under the policy, Crum & Forster has a duty to defend against "any suit" that seeks "personal and advertising injury" damages caused by an "offense" arising out of Spaulding's business. (Doc. # 1–2 at 20–21). The "offense" that Spaulding relies on is defined in the policy as an "oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services." (Doc. # # 1 at ¶¶ 10, 27; 1–2 at 21).

Specifically, Spaulding points to Paragraphs 16, 22, 23, and 29 of the Meth Lab suit complaint in arguing that Crum & Forster had a duty to defend pursuant to the policy provision that provides for coverage if Spaulding "disparages" a "person's or organization's goods, products or services." (Doc. # 8 at 7–8). Spaulding argues that when Paragraphs 16, 22, 23, and 29 are read together, the Meth Lab suit complaint alleges sufficient facts to support a claim for disparagement. *(Id.* at 6–11).

■ Considering the Meth Lab suit complaint in light of the policy provisions, the Court finds that the use of the conclusory buzz word "disparaging," is not sufficient to trigger the duty to defend under the policy. *See Steinberg,* 393 F.3d at 1230. The Meth Lab suit complaint lacks sufficient factual allegations to assert a claim for disparagement. In the Meth Lab suit complaint, the word "disparaging" appears two times, once in Paragraph 16 and once in Paragraph 23, without any factual support. Even when making all reasonable inferences and resolving any doubts in favor of Spaulding, all that Paragraph 22 alleges is that "[Spaulding] breached paragraphs 2 and 13 of the Confidential Settlement Agreement by **urging** the American Bio Recovery Association to institute cancellation proceedings against [Meth Lab Cleanup's] trademark registration." (Doc. # 1–2 at 79)(emphasis added).

Additionally, Paragraph 23 alleges that Spaulding breached the Confidential Settlement Agreement by **"disparaging**

[Meth Lab Cleanup] and by **assisting** Bio Clean, Inc. and Theresa Borst" through the filing of counterclaims in a wholly separate lawsuit, *Meth Lab Cleanup, LLC v. Bio Clean, Inc. and Theresa Borst,* Case No. 2:14–cv–1259–RAJ (W.D.Wash.2014). Spaulding would have the Court construe the words "urging" and "assisting" as the disparaging conduct that led to the disparaging statements presumably said to the American Bio Recovery Association, Bio Clean, Inc. and Theresa Borst, or contained in the counterclaims. (Doc. # # 8 at 7–8; 39 at 6). However, there are simply not enough facts alleged to make such leaps.

In Florida, "[t]there is a group of torts recognized under the collective title of injurious falsehoods which are interchangeably called slander of title, disparagement of goods, or trade libel." *State Farm Fire & Cas. v. Compupay, Inc.,* 654 So.2d 944, 948 (Fla. 3d DCA 1995)(citing *Collier Cty. Pub. Co. v. Chapman,* 318 So.2d 492 (Fla. 2d DCA 1975). "Generally, the publication of any false and malicious statement which tends to disparage the quality, condition, or value of the property of another, and which causes him special injury or damage, is actionable." *Compupay,* 654 So.2d at 948.

Here, the Meth Lab suit complaint does not describe how Spaulding urged the American Bio Recovery Association or how it assisted Bio Clean Inc., and Theresa Borst. There are no allegations of any oral or written statements, much less a false statement of any kind. There are no allegations that in assisting or urging others Spaulding made disparaging statements about Meth Lab Cleanup's goods, products, or services. The Meth Lab suit complaint simply does not provide any facts to describe, explain or place into context the use of the buzz word "disparaging." Rather it is completely silent on

the subject matter of what constitutes the disparaging material.

Even Spaulding acknowledges that the Meth Lab suit complaint was factually insufficient to trigger the duty to defend. *(See* Doc. # 39 at 10). Spaulding describes the Meth Lab suit complaint as "offer[ing] truncated fact allegations motivated, no doubt, by [Meth Lab's] bid to deprive Spaulding of its duty to defend in this case." *(Id.).* Spaulding then cites to three non-Florida cases, *Dobrin, Hudson,* and *Market Lofts,* for the proposition that "each court concluded that facts evidencing potentially covered conduct existed, but were not articulated to avoid triggering a defense." (Doc. # # 35 at 4–5; 39 at 10–11)(citing *Dobrin v. Allstate Ins. Co.,* 897 F.Supp. 442, 444 (C.D.Cal.1995); *Hudson Ins. Co. v. Colony Ins. Co.,* 624 F.3d 1264, 1269 (9th Cir.2010); *Mkt. Lofts Cmty. Ass'n v. Nat'l Union Fire Ins. Co.,* No. CV 15–03093–RGK, 2015 WL 4594553, at *, 2015 U.S. Dist. LEXIS 100691, at *15 (C.D.Cal. July 30, 2015)).

The Court finds Spaulding's arguments unpersuasive. First, *Dobrin, Hudson* and *Market Lofts* are not controlling as those cases apply California law in determining an insurer's duty to defend. Second, the facts of *Dobrin, Hudson,* and *Market Lofts* are very different from the case at hand. In *Dobrin,* the Court looked to extrinsic evidence where the plaintiff in the underlying action admitted that "he did what he could to avoid alleging a personal injury that would require Allstate to defend Dobrin" and that he "drafted the cross-complaint specifically so that there would be no coverage." 897 F.Supp. at 444.

In *Hudson,* the Court found that the NFL Properties complaint alleged sufficient facts potentially supporting a legal theory of slogan infringement because of the definition of a "slogan" and the facts alleged in the NFL complaint which de-

scribed the "slogan." 624 F.3d at 1268. The court in *Market Lofts* found the insurer's policy ambiguous and resolved the ambiguity in favor of the insured. 2015 WL 4594553, at *6, 2015 U.S. Dist. LEXIS 100691, at *17.

Here, the Court is faced with very different facts and cannot look to extrinsic evidence in determining whether the duty to defend is triggered. Spaulding's argument is also unpersuasive because Florida law mandates that this Court solely look to the allegations in the underlying complaint to determine whether the duty to defend was triggered. *Lime Tree Village Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins.*, 980 F.2d 1402, 1406 (11th Cir.1993)("[t]he court cannot speculate as to the nature or merit of the claims; it may only look to the factual allegations of the underlying complaint."); *Jones v. Fla. Ins. Guar. Ass'n*, 908 So.2d 435, 442–43 (Fla.2005)("[t]he duty to defend must be determined from the allegations in the complaint."). Unlike the cases cited by Spaulding, the Meth Lab suit complaint does not allege any underlying facts that can be fairly read to support a claim for disparagement. The buzz words used in the Meth Lab suit complaint are merely conclusory and the complaint fails to allege any underlying facts to create a duty to defend under the Crum & Forster policy.

 Finally, the facts alleged in the Meth Lab suit complaint only support a breach of contract action, which is an exclusion under the Crum & Forster policy. Under Florida law, an insurance policy exclusion relieves the insurer of its duty to defend the insured's claim. *State Farm Fire & Cas. Co. v. Tippett*, 864 So.2d 31, 35 (Fla. 4th DCA 2003)("if the pleadings show the applicability of a policy exclusion, the insurer has no duty to defend."). Even disregarding the fact that the Meth Lab suit complaint labeled its cause of action as a breach of contract, the complaint simply does not allege sufficient facts to support an independent tort of disparagement.

For the reasons stated above, the Court finds that Crum & Forster does not owe Spaulding a duty to defend in the civil action styled, *Meth Lab Cleanup, LLC v. Spaulding Decon, LLC and Laura Spaulding*, Case No. 8:14–cv–3129–T–30TBM (M.D.Fla.). Therefore, Spaulding's Motion for Partial Summary Judgment is denied, and Crum & Forster's Motion for Summary Judgment is granted.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Spaulding's Motion for Partial Summary Judgment (Doc. # 8) is **DENIED.**

(2) Crum & Forster's Motion for Summary Judgment (Doc. # 37) is **GRANTED.**

(3) Crum & Forster's Request for Oral Argument (Doc. # 31) is **DENIED AS MOOT.**

(4) The Clerk is directed to enter judgment in favor of Crum & Forster. The judgment should reflect that Crum & Forster owes no duty to defend Spaulding. Thereafter, the Clerk is directed to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this *29th* day of January, 2016.